## EDWARD WARBURG *v.* LESTER WILCOX AND OTHERS.

To enable a debtor to avail himself of a composition agreement with his creditor, extending the time of payment of the debt sued upon, it is necessary for him to show that he has been ready at all times to perform his part of the contract.

Where it appears that the creditor has agreed to exchange the debtor's notes, held by him, for new notes to be drawn by the debtor according to the extension agreed upon, it is necessary for the defendant to aver and prove a tender of the new notes, and show a readiness at all times to perform the agreement on his part; and he must bring the new notes, thus tendered, into court at the time of the trial.

Mere willingness, in such a case, on the part of the debtor, to give the new notes, is not sufficient. They must be drawn up and tendered.

APPEAL by defendants from a judgment of the Marine Court. This was an action upon a promissory note, made by the defend-

ants, payable to the order of Edward Warburg & Co., and owned by the plaintiff. On the trial, the plaintiff admitted that he held it subject to any defence which the defendants might have against the payees, Warburg & Co. To sustain their defence, which was founded upon a composition agreement by the payees of the note extending the time of payment, the defendants offered in evidence the following agreement, signed by various creditors of their's, and, among others, by Warburg & Co :

" We, the undersigned, creditors of Wilcox, Perry & Co., in consideration of their inability to pay their indebtedness at maturity, and of one dollar to each of us in hand paid, do severally agree to, and do hereby grant the said Wilcox, Perry & Co., an extension, upon all paper or demands now held by us, or either of us, against said firm, of 9, 12, 15, 18 and 21 months from the first day of October instant, or an extension that shall be equiva·lent to that, the several payments being fixed to suit the differ·ent parties, so that the average time shall not be less than above, interest from the maturity of all demands to be added. And we do severally agree to take up any and all paper of said firm endorsed by us, and passed out of our hands, and exchange the same for new paper of said firm, to be made according to the extension above provided for.

" Witness our hands and seals, this 12th day of October, 1857."

There was no proof that the defendants had ever tendered to Warburg & Co. the extension notes referred to in the agreement. It appeared, by the testimony of one of the defendants, that they offered to give them, but that Warburg & Co. declined to receive them; but, on cross-examination, he testified that the notes were not drawn at the time the offer was made. Judgment was rendered for the plaintiff, which was affirmed at the general term of the Marine Court. The defendants appealed.

W. Z. Larned, for the appellants, contended that, by the terms of the agreement, the time of payment of the notes in suit was

absolutely and unconditionally extended; and cited *Allen* v. *Jaquish*, 21 Wend. 628; *Eddy* v. *Graves*, 23 Wend. 82.

*C. Bainbridge Smith*, for the respondent.

I. The answers of the defendants set up no valid defence to the notes on which these actions are brought. The answers are insufficient; they do not allege either a tender of the renewed notes, or a readiness on the part of the defendants to give them.

1. Even where a tender has been made, it is necessary to plead it. 1 Chitty on Pl. 479.

2. So, where a debtor tenders his creditors securities for the payment of his debt in consideration of having time for payment, " the defendant must not only plead that he has always been, and still is, ready with the money, or thing tendered, but it must also be in court on the trial." *Brooklyn Bank* v. *Degraw*, 23 Wend. 342, 345, and cases cited.

3. The reason is, that the creditor is entitled, at all events, to the thing tendered. Id; 2 Kent's Comm. 509.

4. All the cases hold, that if the terms of the composition agreement be not exactly followed out by at least a tender of the substituted securities at the very day, the creditor is remitted to his original rights, and the *onus* lies with the defendant to prove such performance. *Fellows* v. *Stevens*, 24 Wend. 302; *Oughton* v. *Trotter*, 2 Nev. & W. 71; *Dolson* v. *Arnold*, 10 How. Pr. 530; *Rosling* v. *Muggeridge*, 16 M. & W. 181.

5. And where no time is set for the debtor to give the substituted securities, they must be tendered within a reasonable time. Id. The composition deed was signed by the plaintiff, between the 12th and 20th of October, 1857; and, although some of the creditors had received their substituted notes before the commencement of this action, none were ever tendered to the plaintiff.

HILTON, J.—This action is upon a promissory note made by the defendants to their own order, and transferred to the plaintiff. The defence was that the plaintiff, with other creditors of the defendants, had signed a composition deed, whereby it was agreed

Warburg v. Wilcox.

that the time for payment, on all the notes held by the parties signing, should be extended 9, 12, 15, 18 and 21 months, and that this time, or any part thereof, had not expired. On the trial, the composition deed was put in evidence, and from which, aided by the testimony of the defendant Wilcox respecting his action under it, it sufficiently appears that the creditors signing agreed to exchange the paper then held by them of the defendants, for new notes, to be drawn by the defendants according to the extension so agreed on.

The agreement being somewhat obscure as to the manner in which the extension was to be effected, we are permitted to construe its language by referring to the acts of the defendants under it; and these, as already remarked, clearly show that the nature of the compromise the parties intended to make, was as stated.

To enable the defendants, therefore, to avail themselves of any defence to this action arising out of the agreement, it was necessary for them not only to plead and prove tender of the new notes which were to be so exchanged, but also aver readiness at all times to perform their part of the contract, and bring the new notes thus tendered into court at the trial. 3 Black. Com. 303; 2 Kent's Com. 509; *Brooklyn Bank* v. *Degraw*, 23 Wend. 342, 345.

This was not done. It is true, the defendant Wilcox testified that, at the time when the plaintiff called at his store on this subject, he " offered him his notes upon the time provided in the extension agreement, which he declined to receive." But he subsequently adds that he had not the notes drawn at the time he made the offer.

As we have seen, this was not sufficient. By the agreement, —as interpreted by the defendants, and by their action under it,— the plaintiff was entitled to the new notes, at all events; and, to make the defence set up available, the defendants were required to have them in court on the trial, ready for delivery.

Judgment affirmed.