By the Court—Hoffman, J.
The subject of the nature and legal operation of composition deeds was considered much *273 at length in the case of Renard v. Tuller, in January, 1859, before the General Term of this Court.[1] The action was upon promissory notes given in the course of business, and the defense was a composition instrument as follows: “We, the undersigned creditors of the firm of Tuller, Hart & McCorkle in consideration of the sum of one dollar to each of us paid, agree to accept the sum of sixty cents on the dollar in their notes at six, nine and twelve months, from the 1st of February, 1857, without interest, in full satisfaction of our respective claims against said Tuller, Hart & McCorkle.
“ All claims to be put on the same basis, and considered as due on the 1st February, 1857, by allowing or deducting interest., and the original notes are to be held as collateral until the notes given in compromise are paid.” Dated 6th January, 1857.
Creditors to a considerable amount had signed before, and creditors to a large amount had signed after, the signature of the plaintiffs. The liabilities were about $225,000, and the whole amount of the demands of creditors who signed was $87,000.
It was held that there was nothing in the instrument or evidence to show that the signature of the plaintiffs was upon any condition that all should sign. And it was held that the composition instrument was a bar to the action. The basis of the doctrine is the relinquishment to the debtor, by others who sign, of a part of their claims, or the concession of some modification of the right to enforce them. This constituted the consideration. This existed without any clause of a mutual agreement between each other, as well as with the debtor, which was found in several of the cases. The implication of such a contract between themselves was raised, and was equivalent to its being expressed.
The English and American authorities were examined, and the result as stated by Baron Parke in Norman v. Thompson (4 Exch. R., 755,) was recognized. “An agreement by two or more of the creditors (unconditional) to enter into a composition is perfectly good and binding as to those parties, whether the others do so or not. The agreement by each individual to give up part of his claim is a sufficient consideration."
• In the present case it is not proven that more than two or three creditors signed the instrument at all. It is found by the *274 Judge that two or three signed before the plaintiff signed. It is not shown that any signed afterwards. It is true.that the answer states that the plaintiff and eleven other persons or firms, creditors of the defendants, signed the instrument. And to. the fourth clause of the answer which contains this averment, a reply was put in, although the answer was sworn to in July, 1858. . But, as before stated, this part of the answer is by way of counterclaim, asking for affirmative relief by compelling the plaintiff to take the notes in full discharge of his demand. The reply, however, denies every allegation in this part of the answer contained, except as thereafter admitted. I apprehend then that even assuming a reply was necessary, yet under the 153d section of the Code, the allegation as to the number of creditors who signed was put in issue. The general denial was sufficient. The release itself does not appear to have been given in evidence.
We think, however, that enough appears in the case to .bring it within the scope of the rule laid down in Renard v. Fuller, before referred to. We do not think it essential to prove that creditors subscribed a composition deed, or agreement, after the plaintiff in the action signed it, in order to give it validity. If so, it would not be binding upon the last signer, and its efficacy in each ease might depend upon parol testimony of the time of execution.- A legal presumption might well be allowed, in the absence of distinct proof, that the execution was cotemporaneous by all, under one general influence and one general consideration, although the location of names on the paper might indicate a signing one after another. But, in that view, proof of the actual time of execution, even if admissible, is unimportant.
The next question is, whether the fact of the non-delivery of the notes until the middle of February was such a breach of a condition of the composition deed as to exempt the plaintiff from its obligation.
The plaintiff was permitted to prove this fact, and, also, that the notes were to be delivered as early as the 1st of January, without objection.
The instrument itself only prescribes that the notes were to be at six, nine and twelve months from the 1st of January, 1858. No time for the delivery of the notes is expressed in it. The implication may be reasonable that the 1st of January was to be *275 the period of delivering the notes; and their reception then may have been of moment for the business purposes of the plaintiff. Yet it is clearly not made a condition in the instrument;, and if no demand of the compromise notes was made by the creditor,, we think it a sufficient performance on the part of the debtor if he tendered the notes within a reasonable time.
It is, I apprehend, the rule that a debtor must strictly observe any conditions affixed by a creditor to his consent to a composition ; and, where the condition is expressed,, that a certain amount of claims should be signed off,, on the same terms, by a specified period, and it is not done, the creditor should be held not bound, although a short time may elapse after the day fixed before it was accomplished, and no-special injury was shown.
The cases referred to by Justice Cowen, in Fellows v. Stevens, (24 Wend., 302,) were of this character. The instruments of composition contained stipulations, or clauses, amounting to conditions precedent. See Oughton v. Trotter, (2 Nev. & Mann., 71,) where Littledale, J., takes the distinction above noticed, that, in common cases of agreements to take composition,, the debtor has a reasonable time to give the notes;: but, in that case, it was stipulated, they should be given in fourteen days.
I think there was error in the conclusion, of law of the learned Judge, in giving judgment for the amount of the original debt.
This view renders it unnecessary to consider the propriety of the question put by the Court.
There must be a new trial,, with costs to abide-the event.
Ordered accordingly^

 Bosw., 107. 35