By the Court.—Monell, J.
It is understood that the learned justice at the trial held, that the composition deed being a several, and not a joint, agreement, it did not operate as a release of the original debt, for want of a sufficient consideration to uphold it.
The ground on which these composition deeds are sustained is, that the relinquishment to the debtor by others who sign of a part of their claims, or the concession of some modification of the right to enforce them, constitutes a sufficient consideration. The agreement must be mutual, and mutually binding upon all who sign it.
I am unable to distinguish this case from Hall v. Merrill, 5 Bosw. 266. In that case, the agreement was joint. In this case, it was several. Whatever may be the nature of the obligation in terms, it must, necessarily, in all cases be several. Bach creditor must agree for himself with the debtor, and his several agreement is joint, or his joint agreement is several, only so far as it is mutual with the others signing.
It is not necessary that the agreement should express the mutuaEty of all the signers. It is sufficiently implied by the nature of the agreement.
This cannot, therefore, be regarded as the mere separate contract of the defendants, and as such having the effect only of an accord. But it must be regarded as a mutual agreement, among all who signed it, to relinquish a part of their respective debts to the debtor, and binding upon all.
I think the exceptions should be sustained, the vérdict set aside, and a new trial ordered, with costs to the defendants to abide the event.