# New York Marine Court.

### Trial Term—April 15, 1879.

## WILLIAM ORR, ET AL., against JOSEPH Mc-EWEN, ET AL.

Where, by the terms of a composition deed, notes are unconditionally accepted in payment of the debt due, and there is no provision that in case of non-payment of the notes, the original debt is to be revived, such debt is absolutely discharged, and the creditors' only remedy is upon the notes received in payment.

*G. W. Davenport,* for plaintiff.

*J. Hampton Dougherty,* for defendants.

McADAM, J.—The mutual agreement of the creditors of the defendants furnishes a sufficient consideration for the composition deed, wherein the creditors agree to accept and receive sixty per cent. of their respective demands, in the notes of their debtors (the defendants), payable at nine, twelve, and fifteen months, and for the agreement therein, that " the same shall be a full payment, satisfaction, and discharge of the residue of such indebtedness, and in full discharge of all judgments, debts, notes, accounts and claims." By the express terms of the composition, the notes are accepted " in payment, satisfaction, and discharge " of the pre-existing indebtedness, and the creditors unconditionally release forty per cent. of their respective demands, and by their agreement merge the remaining sixty per cent. into notes, payable as above indicated. There is no reservation or condition that in case of default in the payment of the notes, or either of them, that the original demand is to be revived, and in the absence of such a reservation or condition I have been

unable to discover any legal principle or authority which revives a debt once extinguished by legal payment. The rule that an unperformed promise to pay is not payment, does not apply to an agreement supported by a new consideration, whereby the new promise, and not its performance, is accepted in actual discharge of the debt (see 2 *Parsons on Contracts*, 6 ed. 681, 683 ; 2 *Chitty on Contracts.* 11 Am. ed. 1124 ; Babcock *v*. Hawkins, 23 *Vt.* 561 ; Sardi *v*. Rhodes, 1 *M. & W.* 153 ; Woodward *v*. Miles, 24 *N. H.* 289 ; Witherby *v*. Mann, 11 *Johns.* 518 ; Cowper *v*. Green, 7 *M. & A.* 633 ; Bates *v*. Rosekrans, 37 *N. Y.* 409 ; Roberts *v*. Fisher, 43 *Id.* 159 ; 48 *Id.* 204). The agreement and the notes were therefore a complete accord and satisfaction of the old indebtedness, and upon the failure of payment of the notes, whatever cause of action remained depended upon them. The cases of Penniman *v*. Elliott (27 *Barb.* 315), Green *v*. McArthur (34 *Id.* 450), Durgin *v*. Ireland (14 *N. Y.* 322), and Haggerty *v*. Simpson (1 *E. D. Smith*, 68), referred to by the plaintiff's counsel, turned upon special conditions so unlike anything contained in the agreement in the present case as to make them inapplicable to the question now to be decided. Under the provisions for composition with creditors, contained in section 17 of the Bankruptcy Act of June 22, 1874 (*U. S. Stat. at L.* 182), it was held *In re* Morris Reiman (12 *Blatchf.* 567), that until the whole amount of notes given under the composition is actually paid, the debtor is not entitled to his discharge, because the delivery of the notes, under that act, does not of itself cancel the debt. Assuming that ordinarily the same result would attend a voluntary composition made without proceedings in bankruptcy, the difficulty in the present case is that the creditors, by their agreement, have accepted the composition notes "in payment, satisfaction, and discharge" of the original indebtedness,

which they have formally released under seal. The principle of the common law, which permits men to manage their own affairs and make their own contracts, requires that their rights and liabilities be determined by and from the contract as made. Instead of providing in the contract that in case the notes, or either of them, were not paid, the creditors should not lose their original demands, it expressly states that the acceptance of the composition notes by the creditors (not their payment) is to extinguish their respective demands. This language, which is plain and unambiguous, is clearly indicative of what the parties must have intended. The old debt has, by the mutual act of the creditors, gone to its final rest, beyond the possibility of resurrection, and the plaintiffs must seek their remedy upon the composition notes as they mature. The plaintiffs' alleged cause of action having been discharged, it follows that the defendants are entitled to judgment.