[No. 5,833.—Department One.]

## JOHN J. STEWART v. J. C. TIPTON.

COMPOSITION—ACCORD AND SATISFACTION—TENDER—DEBTOR AND CREDITOR.
—Where the creditors of an insolvent debtor agree to receive a composition
on their respective claims, to be secured by promissory notes of the debtor,
it is incumbent upon the debtor to tender the notes of the creditors, in
order to bar their original claims, unless the latter, by their conduct, dis-
pense with such tender.

APPEAL from a judgment for defendant, in the Second
District Court of the County of Tehama.   HUNDLEY, J.

*J. Chadbourne*, for Appellant.

*C. A. Garter*, *C. P. Braynard*, and *E. J. Lewis*, for Re-
spondent.

The utmost effect is to be given to the testimony in support
of the judgment.   The testimony of Tipton was sufficient to
show compliance with the terms of the contract.

MORRISON, C. J.:

The complaint in this case contains two counts, the first of
which is upon the following instrument in writing :

"RED BLUFF, October 28th, 1875.

"Received of John J. Stewart $2,750 on deposit, payable on
return of this certificate properly indorsed, by giving twenty
days' notice, at one per cent. per month.

"TIPTON & BURTT."

The complaint contains all the averments necessary to charge
the defendants upon the above instrument, and the defense is a
composition agreement entered into by plaintiff and other cred-
itors of the defendants.   The agreement relied upon is as fol-
lows:

"For value received, we severally agree with Tipton &
Burtt of Red Bluff, California, to take the promissory notes of
said Tipton & Burtt for the several amounts due us, at the
rate of fifty cents on the dollar, which said promissory notes
shall be payable, one-half in eighteen months, and one-half in

twenty-four months, and shall be payable in United States gold coin, and bear interest at the rate of one per cent. per month.

" This agreement is made by each of us, in order that Tipton & Burtt may so reduce their indebtedness as to be able to resume business at Red Bluff."

The second count is founded upon an indebtedness from the defendants to the Red Bluff Mill Company, which was assigned to the plaintiff. To this count the same defense was interposed. The agreement above set forth was signed by sixty-six creditors of the defendant, among whom were the plaintiff and the superintendent of the Red Bluff Mill Company. The case was tried by the Court, and one of the findings is, " that the defendants were always ready and willing to make and deliver to the plaintiff and the said company their promissory notes, according to the terms of said agreement, whensoever the plaintiff and said company should surrender up and cancel the demands sued on in this action ; but the plaintiff and said company afterwards refused to comply with their said agreement and surrender up their said claims, and thereby prevented the defendants from performing their part of said agreement." And the conclusion of law found by the Court is, " that the demands upon which the action is brought were canceled at the time the agreement was signed." Defendants had judgment.

The only evidence in the case on this point was that of the defendant J. C. Tipton, and he testified that the defendants had always been ready and willing to execute and deliver the notes, and take up the indebtedness for which they had been given, according to the terms of the agreement. On cross-examination, however, he said : " That he had never asked or requested the plaintiff or the Red Bluff Flour and Milling Company to surrender up the demands mentioned in the complaint, nor did the defendants make out or offer the notes to, and demand the surrender of said indebtedness, according to the terms of the agreement, or otherwise." No tender or demand was ever made, to his knowledge. It further appears from the evidence of the same witness, that the defendants opened and resumed business for four or five days after the agreement was signed, and then made an assignment to secure certain preferred creditors, agreeing to pay them sixty-two and a half cents on the dollar. It also

appears that the defendants settled with one of the creditors who signed the agreement, paying him the full amount of his claim.

The evidence does not sustain the finding of the Court, that the plaintiff, or the Red Bluff Mill Company, refused to comply with the agreement; but, on the contrary, it clearly appears from the evidence of the defendant Tipton, that the defendants never offered to give the new notes, and never requested a surrender of the claims sued on. The law upon this subject is thus stated by Chitty, in his work on Contracts, vol. 2, p. 1057: " The rule of law is, that a person who is to be discharged from his liability upon a contract, by the performance of a certain act, is impliedly bound to do, or cause to be done, the act which is to discharge him. Thus, where the creditors of an insolvent debtor agreed to receive a composition on their respective debts, to be secured by the promissory notes of the debtor, payment of which was to be guaranteed by a third person, it was held to be incumbent on the debtor to tender the notes to the creditors, in order to bar their original claims, unless the latter had, by their conduct, dispensed with such tender. So if a party has to pay a sum of money, a mere readiness to pay is insufficient, but he is bound to go to the party who is entitled to receive the money, and to pay or tender the same to him, in order to exonerate himself from liability." In the case of *Penniman* v. *Elliott*, 27 Barb. 315, it is held: " In case of composition deeds, the rule is clearly established that the debtor must pay at the day appointed; and if he neglects to do so, the original debt is revived." The case of *Rosling* v. *Muggeridge*, 16 Mees. & W. 181, is also in point. It was there held as follows: "In assumpsit the defendant pleaded that after the cause of action accrued, the defendant and M., who was jointly liable with him to the plaintiff, became unable to pay their creditors in full, and thereupon, it was agreed by the defendant and M., the plaintiff, and the other creditors, that a composition of 4s. 6d. in the pound should be paid upon their debts, and that, upon receiving that sum, the plaintiff and the other creditors should execute to defendant and M. a general release; that a deed of release was prepared for execution, and that the creditors, except the plaintiff, received the composition and executed the release; that the defendant has always been ready to pay the plaintiff the com-

position of 4s. 6d. in the pound, upon his executing the release, of which plaintiff had notice, and was requested by defendant to accept the composition and execute the release; held bad, for not showing that the defendant and M. offered to pay the plaintiff the composition money, or tendered the release to him for execution." See also *Cranley* v. *Hillary*, 2 Maule & S. 120.

"Nor will the debtor be entitled to the benefit of it (the composition deed) if he neglect to perform accurately what is to be done on his part. Thus, he must tender the composition money on the appointed day; for, as Lord Ellenborough said in *Cranley* v. *Hillary*, 12 Maule & S. 121, the party to be discharged is bound to do the act which is to discharge him." (1 Smith's Lead. Cas. 554.)

There is no pretense in the present case that the debtors ever tendered the notes which they were required to give the plaintiff, or ever demanded a surrender of the demands sued upon. In other words, there was a total failure on the part of the defendant to do anything, or to offer to do anything, with a view to carry into effect the composition agreement with the plaintiff or the Red Bluff Milling Company.

We are of the opinion that the plaintiff was entitled to judgment on the facts found.

Judgment and order reversed, and cause remanded.

Ross J., and McKinstry, J., concurred.