HADLEY FALLS NATIONAL BANK, APPELLANT, *v.*
REUBEN MAY, RESPONDENT.

*Composition agreement — a debtor who has not complied with it cannot set it up as a
defense to an action on the original debt.*

In May, 1875, the plaintiff and other creditors of the defendant, entered into
an agreement under seal, whereby they agreed with him and with each other
to "receive and accept the sum of twenty-five per centum on the dollar owing
to us and set opposite to our names, in satisfaction of our demands." The
defendant having failed to pay the stipulated sum of twenty-five per cent on
the dollar, after demand therefor had been duly made, the plaintiff brought
this action in December, 1880, upon the notes which it held at the time of the
making of the said agreement.

*Held,* that the defendant having failed to comply with the terms of the composi-
tion agreement, could not set it up as a defense to this action.

APPEAL from a judgment in favor of the defendant, entered upon
a verdict directed by the court, and from an order denying a motion
for a new trial, made upon the minutes of the justice before whom
the action was tried.

*Taylor & Parker,* for the appellant.

*Abram Kling,* for the respondent.

DANIELS, J. :

The defendant was clearly liable upon the notes made by him,
which were set out in the complaint, unless the compromise agree-
ment delivered to him in May, 1875, in itself constituted a legal
defense. This agreement, as the evidence at the trial tended to
establish it, was in the following form :

" Know all men by these presents, that we, the undersigned
creditors of Reuben May, do, for and in consideration of the sum of
one dollar to us each in hand paid, covenant with the said Reuben
May and with each other to receive and accept the sum of twenty-

five per centum on the dollar, owing to us and set opposite to our names, in satisfaction of our demands.

"In witness whereof we have hereunto set our hands and [L. S.]   seals, this      day of May, 1875.

"JOHN HANCOCK NATIONAL BANK,

"By R. S. MOORE, *President.*

"HADLEY FALLS NATIONAL BANK,

"By CH. W. RANLET, *P.*

"B. H. ARTHUR.

"In presence of ABRAM KLING."

The action upon the notes was commenced in December, 1880, and it was shown upon the trial that payment of the stipulated sum of twenty-five per cent on the dollar had been demanded and refused. It was under these circumstances that the court at the trial held that no action could be maintained upon the notes themselves. This ruling seems to have been made on the authority of *Breck* v. *Cole* (4 Sandf., 80), but that case was not authority for it. The action there determined was upon a note made by the debtor himself, in addition to those which the creditors by their composition agreement had stipulated to receive in full satisfaction of their debts, and it was held that this additional note of the debtor had been unlawfully exacted by the creditor and delivered to him by the debtor; that it was a fraud upon the other creditors, and therefore no action could be maintained upon it.

This principle is very well settled and entered into the decision of the case of *Lawrence* v. *Clark* (36 N. Y., 128). But it was not involved in the determination of the present case, and failed to justify the disposition which was made of it at the circuit. The case of *Good* v. *Cheesman* (2 Barn. & Adol., 328), relied upon as sustaining the ruling which was made, was also clearly distinguishable in its facts, for there the creditors agreed to accept payment of their debts by the debtor, "covenanting and agreeing to pay to a trustee of our nomination one-third of his annual income, and executing a warrant of attorney as collateral security until payment thereof." The debtor was always ready to perform, but the creditors failed to appoint the trustee to whom payment could be made, and the warrant of attorney delivered. And it was because the

creditors had accepted this covenant, which the debtor had been at all times ready to perform, and they had deprived him of the power of doing so by their omission to select the trustee, that the defense depending upon the composition agreement was sustained. The case of *Norman* v. *Thompson* (4 Exch., 755) is equally as inapplicable to the present controversy, for there had been no default in the performance of the agreement. But the debtor, on the contrary, showed by his plea the sufficiency of which was in controversy that he had been at all times ready and willing to perform.

By the agreement which was entered into on the part of the plaintiff in this action, the only covenant or stipulation which was made, was that it would accept the sum of twenty-five per centum on the dollar in satisfaction of its demands. It was therefore not an agreement to accept or receive the promise of the debtor to pay that amount in satisfaction, but the actual payment of that per centage by the debtor was requisite to perform the agreement and satisfy the debts. The terms of the agreement can be satisfied by no other rational construction; and where that is the effect which must be given to them, then the debtor cannot·rely upon the agreement for his protection after he himself has failed to perform it by refusing to make the stipulated payment. The case of *Penniman* v. *Elliott* (27 Barb., 315) is a direct authority supporting this legal proposition. Its correctness was conceded in *Hall* v. *Merrill* (5 Bosw., 266), and it has repeatedly been applied in the same manner in the determination of the effect of similar compromises or compositions made under the bankrupt law.

*In re Hatton* (L. R., 7 Ch. App. Cases, 726) the creditors had agreed to accept five shillings in the pound in two installments in satisfaction of their debts. The debtor paid the first but failed to pay the second installment, and on account of that default the creditors were held entitled to enforce the original liability as that had been incurred by the debtor. And a similar view was sustained in *Goldney* v. *Lording* (L. R., 8 Q. B., 182) and *Newell* v. *Van Praagh* (L. R., 9 Com. Pleas, 96).

The principle applicable to this class of cases is that if the promise be "for a new consideration, performable at a future day certain, then the original right of action is suspended until that day comes. If the promise is then duly performed this right is destroyed, but

if the promise is not then duly performed this right revives and the promisee has his election to sue on the original cause of action or on the new promise, unless by the terms or the legal effect of the new contract the new promise is itself a satisfaction and an extinction of the old one." (2 Pars. on Con. [6th ed.], 683.) And where the time of performance has not been specified the debtor is required to perform it within a reasonable time, and if he fails to do so the consequence will be the same under this general principle of the law. The same distinction was approved in *Kromer* v. *Heim* (75 N. Y., 574), and the *Chemical Bank* v. *Kohner* (85 id., 189) and *Baxter* v. *Bell* (86 id., 195) in no respect whatever either questions or impairs its effect.

By the failure of the debtor to pay the stipulated twenty-five per cent mentioned in the agreement delivered to him he deprived himself of all the benefit which it was designed he might secure by the performance of its terms. From the time of that failure the proposal ceased to be binding upon the plaintiff, and it afterwards had the right to resort to the notes held by it and enforce them as legal obligations against him. The judgment and order should therefore be reversed and a new trial directed, with costs to the plaintiff to abide the event.

MACOMBER, J., concurred.

Present — DAVIS, P. J., DANIELS and MACOMBER, JJ.

Judgment and order reversed and a new trial directed, with costs to plaintiff to abide event.