VOGT et al. v. FASOLA.

(Supreme Court, Appellate Division, Second Department. June 27, 1899.)

1. DEED OF COMPOSITION—DATE OF INSTRUMENT.
    Where a party agreed to pay within two months from the date of composition with creditors, which was "the ——— day of August, 1898," the two months commenced to run the last day of August.

2. SAME—PAYMENT WITHIN TIME SPECIFIED—SIGNATURE OF OTHER CREDITORS.
    Where a deed of composition contained no provision that it should not become operative until signed by all defendant's creditors, but contained an absolute promise to pay within a certain time, failure to pay within the time specified, though occasioned by delay in securing the execution of the deed by other creditors, relieves the creditor of his obligation to accept less than the whole of his claim.

Appeal from municipal court, borough of Manhattan.

Action by Charles Vogt, Jr., and others against Frank A. Fasola. From a judgment awarding plaintiffs only a part of the relief prayed for, they appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frank H. Vogt, for appellants.
Denis O'Sullivan, for respondent.

PER CURIAM. The suit is for a balance due on a bill of goods sold. The defense was a composition deed, executed by the plaintiffs with other creditors, whereby they agreed to accept 25 per cent. of their claims, payment to be made within two months from the date of the instrument, which was "the ——— day of August, 1898." The defendant pleaded tender of 25 per cent. of the plaintiffs' claim, and he paid such amount into court. Judgment was rendered for the plaintiffs for the amount tendered. The particular day in August not being specified, the two months allowed by the agreement did not commence to run until the end of that

month.  But the defendant proved·no tender until two or three days before Thanksgiving Day.  This was not sufficient.  The terms of a composition deed must be strictly complied with.  Penniman v. Elliott, 27 Barb. 315; Smythe v. Graydon, 29 How. Prac. 11; Warburg v. Wilcox, 2 Hilt. 118.  The defendant sought to relieve himself from his default by proof that he did not obtain the signature of his last creditor until January.  It was unnecessary that he should obtain its execution by all his creditors to render the deed operative, as no such provision was contained in the instrument.  Renard v. Tuller, 4 Bosw. 107; Hall v. Merrill, 5 Bosw. 266; Strickland v. Harger, 16 Hun, 465; Van Bokkelen v. Taylor, 62 N. Y. 105.  Hence this delay did not relieve the debtor from his obligation to pay, within the stipulated time, the creditors who signed in August.

The judgment should be reversed, and a new trial granted, costs to abide the event.