## BURKE *vs.* THORNE and TRUESDALE.

44b 363
50ad372

In an action to recover for work and labor done by the plaintiff for the defendants, the answer, after admitting the performance of the labor, set forth, secondly for a defense to the demands stated in the complaint, that the defendants, during the time of the performance of the labor, had *paid* divers. sums of money to and for the plaintiff, to apply in part payment on and for his said labor and services, specifying the amount. It then claimed that the plaintiff was indebted to the defendants for the said sums of money, and alleged that the defendants would insist upon the sums so paid, as a counter-claim, or counter-claims in the action, and demanded judgment for costs.

*Held* that the answer did not set up a *counter-claim*, so as to require a reply,. but that the facts pleaded constituted the defense of *payment*, only; and that, therefore, although there was no reply, the whole answer did not stand admitted. .

*Held, also,* that if the construction of the answer were a matter of serious doubt, the old common law rule, that a pleading, in matter of substance, is to be construed not strongly *against the pleader,* should prevail.

Where an answer is susceptible of being construed to contain either of two defenses, one of *payment,* and the other a *counter-claim,* the answer should be construed as setting up only the defense of payment, and not considered as containing a *counter-claim,* and therefore requiring a reply.

APPEAL from a judgment entered on the report of a referee.

*Geo. Humphrey,* for the appellants.

*H. V. Howland,* for the respondents.

*By the Court,* WELLES, J. This was an action brought to recover for the services and labor of the plaintiff, rendered for the defendants, from the 1st day of May, 1862, to the 20th day of September, in the same year. A balance of $153.69 was claimed to be due. The answer, first, admits the performance of the labor, as stated in the complaint, except that the plaintiff did not labor the length of time stated in the complaint, into one quarter of a day. Secondly, it sets forth "for a defense to the demands set forth in said plaintiff's complaint, that during the time of the performance

of the labor and services set forth in said complaint, the defendants paid to and for the plaintiff, at his the said plaintiff's special instance and request, divers sums of money, and let to him a horse and buggy to apply in part payment on and for his, the said plaintiff's, said labor and services at the following times and in the sums and amounts following, that is to say," &c. It then set out in detail the payments made by the defendants to the plaintiff from the 19th of May, 1862, to September 23, of the same year, amounting in the aggregate to the sum of $194.50. It admits that after deducting this sum, a balance of $31.63 is left due to the plaintiff. It then alleges that each and every of the items and demands set forth in the answer were had and received by the plaintiff of the defendants, as set forth therein. It then claims that the plaintiff is indebted to the defendants for the same, and alleges that they will insist upon the sums so paid, as a counter-claim or claims in the action, and demands judgment for the costs of the action.

Upon the trial before the referee, the plaintiff proved that he worked for the defendants during the period stated, one hundred and three fourths days, at $2.25 per day, and rested his case. It was then claimed and insisted by the defendants' counsel, that the defendants' second answer contained and set forth a counter-claim, and as there was no reply, it must for the purposes of the trial be taken as true, and required no proof. The referee so held and decided; to which the defendants' counsel duly excepted. The case was disposed of by the referee in accordance with this ruling, and he gave judgment for the plaintiff for $32.19.

It is obvious that if the defendants' second answer constitutes a counter-claim, the ruling of the referee was right; but if, on the contrary, it does not set forth a counter-claim, then his ruling was erroneous, and the judgment must be reversed.

By judicial construction, the term "counter-claim" is now well settled, and, it would seem, ought to be well understood.

Applying the principle of the decisions to this case, I think the conclusion entirely warranted, that the answer does not set up a counter-claim. There could be no doubts upon the question, were it not for the latter clause of the answer, which alleges that the plaintiff is indebted to the defendants for the sums of money therein before alleged to have been paid the plaintiff, to apply in part payment for his services, and which sums they will insist upon as a counter-claim in the action.

It is insisted by the respondents' counsel that this answer first pleads the demands as payments and defenses only; and second, as a subsisting indebtedness and counter-claim, and there being no reply, that the whole answer, for the purposes of the trial, stood admitted.

The *facts* pleaded in this answer, in contemplation of law, constitute the defense of payment *pro tanto*, to the plaintiff's cause of action. Indeed it is alleged and averred that the moneys, &c. paid to the plaintiff during the period of his service, were in part *payment* for those services. If they were in *part payment*, no indebtedness from the plaintiff to the defendants, by reason thereof, could legally arise or be implied. Hence the allegation that the plaintiff became indebted to the defendants by reason of these payments, is not the *pleading of a fact*, but the mere statement of an illegal conclusion from other facts properly pleaded. Nor can the averment that the defendants would insist upon these payments as a counter-claim aid the case, as this is a conclusion of law to be drawn from the *facts* pleaded; and these, in our view of the case, constitute the defense of payment only. But were the proper construction of this answer a matter of serious doubt, the old common law rule should prevail—that the pleading, in matter of substance, is to be construed most strongly *against the pleader*.

In *Bates* v. *Rosekrans*, (23 *How. Pr. Rep.* 98,) it was held that where the answer is susceptible of being construed to contain two defenses, one of *payment,* and the other requiring an account—one requiring a *reply,* and the other not—

the answer should be construed as setting up only the defense of *payment*, and not considered as containing a *counter-claim*, requiring a reply. I believe the principle of this case decisive of the one we are considering.

Judgment reversed, and a new trial ordered, with costs to abide the event.

[MONROE GENERAL TERM, June 6, 1864. *Johnson, J. C. Smith* and *Welles,* Justices.]