JOHN W. BATES, RESPONDENT, *v.* ENOCH H. ROSEKRANS, APPELLANT.

*Promissory Note—Payment—New Note—Pleading—Answer—Counter-claim.*

The giving of a new note by one of two joint and several makers, intended as a provison for the payment of their former note, not agreed to be taken as payment and not in fact paid, constitutes no defence to an action upon the original note.

THIS action was brought upon a joint and several promissory note, dated September 11th, 1851, for the payment of $2,553.71, made by the Defendant and one Andrew Bigham to the order of, and endorsed by, Bates & Griffin.

On the trial, the Defendant's counsel made a motion for judgment upon the pleadings, upon the ground that the Plaintiff had not replied to the counter-claims of the Defendant contained in the answer.

The Court overruled the motion, and the Defendant's counsel excepted. The Plaintiff's counsel then read in evidence the note above described, and found the amount of interest due upon the same.

The Defendant's counsel then read in evidence a former complaint in the action, verified by the Plaintiff, in which it was alleged that, after the making, and before the maturity of the note sued upon, "the Defendant, in consideration of his indebtedness upon said note, and to provide for the payment of the principal of the same, made and delivered to the Plaintiff another promissory note, dated," &c. ; that neither of said notes was paid, and that the Plaintiff was the owner of both of them.

The Plaintiff's counsel then produced and cancelled the note last mentioned.

The Defendant's counsel insisted that the defence of payment was established by the evidence thus introduced, and requested the Court so to instruct the jury, and requested to go to

the jury on that question. The Court declined each of these requests, and the Defendant's counsel excepted.

The Court directed a verdict for the Plaintiff for the amount of the note.

The General Term affirmed the judgment entered upon the verdict, and the Defendant now brings his appeal to this Court.

*Beach & Smith* for Appellant.

*Gale & Alden* for Respondent.

HUNT, J.—The facts recited in the amended pleading introduced in evidence did not establish a payment.

Before the maturity of the original note, "and to provide for the payment of the same," one of the joint and several makers thereof delivers to the holder his own note payable to the same parties in the original note named. Providing for the payment of a note, and the actual payment thereof, are quite different things. In the case in hand, the same evidence that showed a provision for payment, showed also that no payment was in fact made. As often occurs in commercial transactions, the provision failed.

That the giving of the new note, by one of two joint and several makers, intended as a provision for the payment of a former note, not agreed to be taken in payment, and not in fact paid, constitutes no defence to an action upon the original note, is well settled. The principle is quite familiar, and of frequent occurrence (Highland Bank *v.* Dubois, 5 Denio, 558; Cole *v.* Sackett, 1 Hill, 516; Smith *v.* Rogers, 17 John. R. 340).

The Defendant insisted at the trial, and his counsel now argue, that he was entitled to judgment at the Circuit, on the ground that the Plaintiff had not replied to the counter-claims contained in his answer.

The fifth answer contains the statements that are the most strenuously insisted upon as constituting a counter-claim, and an examination of that will suffice for the whole. The Defendant therein alleges, "for a further defence," that the note in the complaint described arose out of partnership transactions of which the

Defendant and one Bigham were members, and was given for the benefit of the partnership, which facts are known to the Plaintiff; and afterward Bigham transferred all his interest in the partnership property to the Plaintiff, who was then the holder of the note, and in consideration thereof the Plaintiff agreed with Bigham to pay his share of the debts of the partnership, and any balance due from him to the partnership, and to cancel the note; that Bigham's share of the debts amounted to more than the note; that Bigham owed the partnership a balance greater than the amount of the note, and the Plaintiff has received and holds under the assignment, property of more value than the amount of the note; and that he has not paid any part of the partnership debts, and refuses to apply the partnership property to the payment of said debts.

The Defendant does not pretend that he was precluded from making proof of the allegations contained in this answer, and thus establishing the equitable defence arising from the statements therein contained. He insists that by the rules of pleading in existence at the time of the trial, a " counter-claim " was to be taken as true, unless it was formally denied by the Plaintiff, and that no denial having been made in the present case, he was of right entitled to a judgment upon the pleadings.

The Court below held the pleading to be an answer, and not a technical counter-claim, and overruled his demand for judgment.

This decision was right, for several reasons.

The first ground is, that the answer states no claim " existing in favor of the Defendant against the Plaintiff."

The Code is express, that the claim " must be one existing in favor of a Defendant and against a Plaintiff " (Code, § 150; Vassear *v.* Livingston, 3 Kern. 248). The claim, as stated in the pleading, is in favor of Bigham, or of his representatives, if he is dead, and not of the Defendant. It was Bigham, and not the Defendant, who transferred the property to the Plaintiff. It was to Bigham, and not to the Defendant, that the Plaintiff made the promise to pay the partnership debts, and to cancel the note. It was to Bigham, and not to the Defendant, that he was bound to account for

the property, or its proceeds, if he failed to make a proper application of it. A perfect cause of action exists in favor of Bigham, if the statements of the answer are true, possibly also in favor of the holder of the note, or a creditor of the former, but none in favor of the Defendant himself, one of the debtors in the transaction (Beardsly Scythe Co. *v.* Foster, decided June Term, 1867). While it is unnecessary to decide whether these circumstances would afford an equitable defence to this action, it is clear that they do not avail the Defendant in the technical aspect in which he here seeks to defeat the Plaintiff's right of recovery.

I think the answer given by the Court below is also a sound one, to wit : that the pleading does not purport to be a counterclaim. It designates itself as " a further defence " simply, and there rests. No particular form of words is necessary to make a pleading a counter-claim ; and if the party had, in any reasonable language, intimated that he intended to make a personal claim in his own favor against the Plaintiff, it would have been sufficient.

The ordinary and most satisfactory form of giving that intimation is by a statement that the pleading is a counter-claim, or by a prayer for relief. The present pleading, however, contains no words that could have justified the Plaintiff in supposing that any personal judgment was sought against him, and in preparing for that emergency.

Judgment should be affirmed.

All concur.

Affirmed.

<div style="text-align:right">

JOEL TIFFANY,
State Reporter.