C. FITCH BISSELL et al., Appellants and Respondents, *v.* SMITH KELLOGG, Appellant and Respondent.

Where A, under and in pursuance of a contract with B, acquires title to two bonds and mortgages executed by B, the mortgages covering different premises, a judgment in an action to foreclose one of the mortgages determining that the contract was usurious, is not conclusive against him in favor of a purchaser of the premises covered by the other mortgage, who was not a party to said action.

Such a purchaser is not a privy, and is neither bound by the judgment nor can he assert any right by virtue of the estoppel created by it.

Where, under a usurious contract, the lender conveys to the borrower premises at a price greater than their actual value, giving his bond with a mortgage on the premises for the agreed price, an equitable action by a subsequent grantee of the mortgaged premises to set aside the mortgage will not be sustained without requiring him to pay the actual value of the property when the mortgage was executed. He is not a "borrower" within the meaning of the act of 1837 to prevent usury. (Chap. 430, Laws of 1837.)

(Argued January 13, 1875; decided June term, 1875.)

THESE are cross appeals from judgment of the General Term of the Supreme Court in the fourth judicial department, modifying a judgment entered upon the report of a referee. (Reported below, 60 Barb., 617.)

This action was brought to restrain the foreclosure by

defendant of a mortgage given by the plaintiff Adams, to the defendant Kellogg, upon premises in Le Roy, Genesee county, of which the plaintiff Bissell is the present owner, and to compel its cancellation on the ground that it was usurious.

The action was tried before a referee, who found substantially the following facts:

On the 1st day of June, 1857, the plaintiff Adams, then of Le Roy, executed and delivered to Miles P. Lampson a bond and mortgage upon premises in Le Roy, conditioned for the payment of $4,000 six months from date, and at the same time Lampson gave Adams a paper reciting the giving of the bond and mortgage, and further, that it was given for the purpose of indemnifying Lampson against any liability he might incur by reason of indorsing, undersigning or guaranteeing any notes, drafts, bills of exchange or acceptances for or on account of said Adams, and also, as collateral security for any loans or advances of money upon any and all such paper so indorsed or otherwise by the Genesee County Bank, for whose benefit, to the extent thereof, Lampson was to hold the aforesaid securities in trust, and he thereupon agreed, in consideration of the premises, on payment of all debts and paper, and the money so to be advanced by said bank, and upon the cancellation by Adams of all the obligations which Lampson might assume and create for the benefit of Adams, that he (Lampson) would discharge and cancel the said bond and mortgage. Prior to the month of August, 1858, Adams had become indebted to Lampson for responsibilities assumed and advances made upon the security of the said bond and mortgage, to the amount of $3,000, and Lampson was about to commence or had commenced proceedings to foreclosure. In this emergency, Adams applied to the defendant Kellogg for assistance, and Kellogg thereupon proposed that if Adams would purchase of him a house and lot he owned in Le Roy, at a price of $2,000, to be secured by the bond and mortgage of Adams and wife upon the same, that Kellogg would thereupon advance to Adams $4,000, and take an assignment of the bond and mortgage

held by Lampson, as security. Adams accepted this proposal, and Kellogg paid the debt of $3,000 to Lampson and took an assignment of the bond and mortgage from Lampson, in the name of one Nathaniel Prouty, but for his own (Kellogg's) benefit, and surrendered to Adams notes of his held by Kellogg, for the remaining $1,000. He also procured from Prouty and delivered to Adams, an agreement to extend the time for the payment of the principal of the $4,000 bond and mortgage for the term of five years, upon condition that the interest thereon should be paid semi-annually on the first days of January and July in each year, and that Adams should keep the buildings thereon insured for the sum of $6,000, and assigned the policy as further security for the loan. Kellogg, at the same time, gave Adams a deed for the house and lot in Le Roy, which the latter had agreed to buy. This deed bears date the 14th of August, 1858, and the consideration therein expressed is $1,200. At the same time, Adams gave Kellogg the bond and mortgage for $2,050 set forth in the complaint, and it was sought to be canceled as a cloud upon the title to the said house and lot. The additional fifty dollars included in the mortgage, over and above the price agreed upon, was insisted upon by Kellogg as the one-half of the sum of $100 which he claimed to have been compelled to sacrifice to raise the $3,000 paid to Lampson. Adams and wife afterward, by deed bearing date December 22, 1859, conveyed the house and lot to Samuel Jackson, who, together with his wife, by deed dated April 28, 1860, conveyed the same to John P. Mitchell, and Mitchell and wife, on the 19th of November, 1866, conveyed the same to the plaintiff Bissell, and the value of the house and lot at the time Kellogg conveyed it to Adams did not exceed $1,200. Prouty, the assignee of the $4,000 bond and mortgage from Adams to Lampson, subsequently assigned it to the defendant, who, in June, 1860, commenced an action in the Supreme Court for its foreclosure. This action was defended upon the ground that the contract between Kellogg and Adams for the loan of $4,000 was usurious, and was brought to trial at a

Special Term in March, 1861, before Mr. Justice GROVER, who held that the bond and mortgage to Lampson "being untainted with usury in its inception is not rendered void by any subsequent agreement to give further day of payment thereon at a rate of interest exceeding that allowed by law," and gave judgment of foreclosure and sale for $3,000, the amount advanced upon it by Lampson, together with interest. This judgment was affirmed at a General Term of the Supreme Court, and also by the Court of Appeals.* It was assumed in all the courts that the contract between Kellogg and Adams was usurious, but it was held that the purchase by Kellogg from Lampson, and the assignment by the latter of the bond and mortgage to Prouty for the benefit of Kellogg, was a distinct and separate contract, which was not infected by usury. In June, 1869, Kellogg commenced the foreclosure by advertisement of the mortgage for $2,050, which foreclosure it was the object of this suit to restrain.

The referee thereupon held and decided that the questions arising in this case were *res adjudicata ;* that it is conclusively established by the judgments of the several courts in the action brought to foreclose the mortgage from Adams to Lampson, for $4,000 as between the parties to this action, who were also parties to the former action, that the contract between Kellogg and Adams, pursuant to which the mortgage for $2,050 was executed, was corrupt and usurious. He then directed a judgment perpetually enjoining Kellogg from proceeding to foreclose it, and directing it to be delivered up and canceled of record.

Upon appeal by Kellogg from the judgment entered upon the report of the referee, it was modified by the General Term of the Supreme Court by dismissing the complaint as to Adams, and as to Bissell, if he paid up $1,000 to Kellogg, with interest from the 14th of August, 1858 ; then the mortgage mentioned in the complaint should be declared usurious and void, and delivered up and canceled of record. But if Bissell failed to pay within the time specified, then that the

* 39 N. Y., 28.

complaint be dismissed as to him, and, except as modified, the judgment of the Special Term was in all things reversed, and that the defendant recover certain costs. Bissell having declined to comply with the judgment as modified at the General Term, on the 24th of June, 1872, upon the stipulation of his attorney, the judgment on the report of the referee was reversed, and the complaint dismissed. The plaintiffs appealed from the whole judgment of the General Term as it affected either of them, and the defendants appealed from the modification of the judgment which, in substance, permitted Bissell, on payment of $1,000 and interest, to have the mortgage canceled.

*W. F. Cogswell* for the plaintiffs. The question of usury in the agreement between Kellogg and Adams, upon which the bond and mortgage involved in this action, having been decided between the same parties or their privies in *Kellogg* v. *Adams*, is *res adjudicata.* (*Doty* v. *Brown*, 4 Comst., 71; *Castle* v. *Noyes*, 14 N. Y., 329; *Demorest* v. *Darg*, 32 id., 28; *Kellogg* v. *Adams*, 39 id., 28; *Brukhead* v. *Brown*, 5 Sandf., 134.) A purchaser of property incumbered by a usurious mortgage not assuming the same may defend his title by setting up usury. (*Bullard* v. *Raynor*, 30 N. Y., 197–203; *Williams* v. *Tilt*, 36 id., 319, 325, 326; *Mason* v. *Lord*, 40 id., 476; *Williams* v. *Burch*, 2 Tr. R., 133–143.) The agreement between Kellogg and Adams, upon which the $2,050 mortgage was based, having been adjudged usurious and void, the purchaser of the mortgaged premises had a right to avail himself of it to remove the mortgage as a cloud upon his title. (*Watson* v. *Davenport*, 2 Barb. Ch., 77; *Ward* v. *Dewey*, 16 N. Y., 519; *Williams* v. *Ayrault*, 31 Barb., 364; *Tisdale* v. *Jones*, 38 id., 532.) As between Kellogg and Adams, the $4,000 mortgage was a valid lien but for the defence of usury. (*Kellogg* v. *Adams*, 39 N. Y., 28; *Pierson* v. *Anderson*, 4 Edw. Ch., 17; *Robinson* v. *Urquhart*, 1 Beas. [N. J.], 515, 523, 540.) Adams and Bissell were properly joined as plaintiffs. (Code, § 117.)

*J. H. Martindale* for the defendant. The refusal to dismiss the complaint was error, as there was no usury. (*Smith* v. *Patten,* 31 N. Y., 66; *Powell* v. *Jones,* 44 Barb., 521; *Smith* v. *Marvin,* 27 N. Y., 137.) The finding of the referee that the charge of usury was adjudicated in *Kellogg* v. *Adams* must be tested by the judgment record alone. (*Truscott* v. *King,* 2 Seld., 147; 4 Kent's Com., 176; *Ex parte Hooper,* 19 Ves.,      ; *Mead* v. *York,* 2 Seld., 450; *Kellogg* v. *Ames,* 41 Barb., 222; *Freeman* v. *Auld,* 37 id., 588; 44 id., 14; 41 N. Y., 259; *Stoddard* v. *Hart,* 23 id., 556; 2 Cow., 293; 6 Duer, 219; 3 Al., 339; *Webb* v. *Rice,* 6 Hill, 219; *People* v. *Johnson,* 38 N. Y., 63.) Neither Adams nor Bissell is entitled to the judgment awarded. (*Hartley* v. *Harrison,* 24 N. Y., 170; *Baxter* v. *Ryers,* 13 Barb., 267; *Mason* v. *Lord,* 40 N. Y., 476, 490.)

REYNOLDS, C. It may be assumed that the judgment in the suits commenced by Kellogg for the foreclosure of the Lampson mortgage, claiming due upon it $4,000 and interest, conclusively established, as to parties and privies, that the mortgage involved in the present controversy is usurious and void. The plaintiff Bissell was neither a party nor privy in that proceeding, and is neither bound by the judgment nor can he assert any right by virtue of the estoppel created by it. The plaintiff Adams conveyed the premises covered by the mortgage in the present case to Jackson, on the 22d of December, 1859, and he to Mitchell, on the 28th of April, 1860. Kellogg commenced his action of foreclosure on the 13th of June, 1860, and Mitchell, who then owned the property now in dispute, was not made a party to that action; and he conveyed to Bissell on the 19th of November, 1866. It is thus obvious that the judgment entered upon the report of the referee was erroneous and cannot be sustained. The plaintiff Bissell having purchased the equity of redemption, was entitled to show, if he could, that the defendant's mortgage was usurious, and we assume that he could have done so on a new trial. But he was obliged, or at least elected to come

into a court of equity for relief, and he must do equity as a condition for granting him a favor. He was not a borrower, and the statute of 1837 does not relieve him from the burden. (*Peet* v. *Bk. of Utica,* 7 Hill, 391; *Schemerhorn* v. *Tallman,* 14 N. Y., 93.) The Supreme Court permitted him, on payment of $1,000, with interest from the 14th of August, 1858, to have the defendant's mortgage for $2,050 declared usurious and void, and canceled of record. This offer he declined, and reserving his right of appeal to the Court of Appeals, allowed his complaint to be dismissed. We think the Supreme Court accorded him every right to which he was entitled, and the offer thus made he declined to accept; and as the plaintiff Adams appears to have no interest in the controversy, the judgment of the General Term of the Supreme Court dismissing the complaint is affirmed, with costs.

All concur.

Judgment affirmed.