THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent, *v.* GEORGE M. CUYLER, Impleaded, etc., Appellant.

In an action to foreclose a mortgage defendant C. in his answer set up as "a second and further defense," in substance, that he was the equitable owner and in possession of the mortgaged premises when the mortgage was executed; that B., the mortgagor, had contracted to sell the premises to C., and the mortgage was given to secure a usurious loan negotiated by C. to enable him to make a payment to B.; that B. deeded to W. at C's. request, subject to the mortgage, and that the latter held possession under a contract with W.; the answer asked that the mortgage and accompanying bond be adjudged to be usurious and void, and that they be delivered up and canceled.   *Held*, that such portion of the answer could only be considered as a defense, not a counter-claim, and no reply was necessary; that if intended as a counter-claim it should have been so characterized.

As to whether C. was a "borrower" within ·the meaning of the statute relating to usury, and so, entitled to interpose it as a defense, *quære*.

(Argued December 15, 1878; decided December 20, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 12 Hun, 247.)

This action was brought to foreclose a mortgage.

The facts appear sufficiently in the opinion.

*James F. Tracey*, for appellant. The answer constituted a counter-claim under section 150 of the Code. (Story's Eq., §§ 694–696; Laws 1837, chap. 430, §§ 4, 5, p. 487; *Xenia Branch of State Bk.* v. *Lee*, 2 Bosw., 694; *Geenia* v. *Keah*, 66 Barb., 245; *Glenn & Hall M. Co.* v. *Hall*, 61 N. Y., 226, 235; *Ashley* v. *Marshall*, 29 id., 494; *Isham* v. *Davison* 52 id., 237, 240, 441; *Mayor, etc.,* v. *Wood*, 4 Abb. [N. S.], 332; 3 id., 467; *Minturn* v. *F. L. and T. Co.*, 3 Com., 498; *Williams* v. *Fitzhugh*, 37 N. Y., 444, 455, 456; *Allerton* v. *Belden*, 49 id., 373, 376; *Schermerhorn* v. *Talman*, 14 id., 93, 126, 142, 143.) The mortgage was a cloud upon the title which the appellant had a right to have removed. (*Williams* v. *Fitzhugh*, 3 N. Y. R., 444; *Bissell & Adams* v. *Kellogg*, 60 Barb., 617; *Hartson* v. *Davenport*, 2 Barb. C. R., 77; *Manice* v. *N. Y. Dry Dock Co.*, 3 Edw. Ch., 146; *Pearsall* v. *Kingsland*, id., 195; *Cole* v. *Savage*, 10 Paige, 583; *Dry Dock Co* v. *Amer. L. Ins. and T. Co.*, 3 Comst., 361; Sandford's Ch. Reps., 215–267; *Schermerhorn* v. *Tallman*, 14 N. Y., 93; *Geenia* v. *Keah*, 66 Barb., 245; *McHenry* v. *Hazard*, 48 N. Y., 587; *Peters* v. *Mortimer*, 4 Edw., 279.) An action *quia timet* may be brought by an equitable owner. (*Lounsbury* v. *Purdy*, 18 N. Y., 515–520; *Bernheimer* v. *Willis*, 18 N. Y. Sup. Ct. R., 16; *Hunt* v. *Chapman*, 51 N. Y., 555.) It was not necessary for defendant to move for judgment under section 154 of Old Code. (*Bridge* v. *Payson*, 5 Sandf., 200; *Isham* v. *Davidson*, 52 N. Y., 237.) Cuyler was the "borrower" under chapter 430, Laws 1837. (*Allerton* v. *Belden*, 49 N. Y., 373–376.) If not, a reply was necessary because the facts set up in the answer still entitled him to affirmative relief upon condition. (*Schermerhorn* v. *Tall-*

*man,* 14 N. Y., 93–126, 142–143; *Bates* v. *Rosekrans,* 37 id., 412.) No particular form of words is necessary to make a pleading a counter-claim. (*Springer* v. *Dwyer,* 50 N. Y., 22; *Lawrence* v. *Bk. of Rep.,* 3 Robinson, 149-151; *Burrell* v. *De Groot,* 5 Duer, 397; *Minturn* v. *Farmers' L. and T. Co.,* 3 Comst., 498.) If a new trial be granted plaintiff may obtain leave to serve reply. (Old Code, § 174; N. C., §§ 783, 784; *Bernheimer* v. *Willis.* 11 Hun, 16–18; *Darwin* v. *Hatfield,* 4 Duer, 468, etc.

*George F. Danforth,* for respondent. The appellant was not a borrower within the meaning of the act to prevent usury. (Laws 1837, chap. 430; *Bearce* v. *Barstow,* 9 Mass., 48; *Bellington* v. *Wagoner,* 33 N. Y., 34; *Williams* v. *Birch,* 2 Tr. App. Cas., 136.) The matter set out in the answer did not constitute a counter-claim against plaintiff. (*Schermerhorn* v. *Talman,* 14 N. Y.; 94–131; *Bissell* v. *Kellogg,* 65 id., 432; *Wheelock* v. *Lee,* 64 id., 247.) A counter-claim must be separately stated and in the absence of such statement, a demand against the plaintiff susceptible of being construed as a defense or a counter-claim will be regarded as a defense and not a counter-claim. (Code, § 150; *Clough* v. *Murray,* 19 Abb., 97; *Bates* v. *Rosekrans,* 4 id. [N. S.], 276; 37 N. Y., 409; *Burke* v. *Thorne,* 44 Barb., 363; *Burrall* v. *De Groot,* 5 Duer, 382; *Beers* v. *Waterbury,* 8 Bosw., 396; *Wright* v. *Delafield,* 25 N. Y., 266.) The defense of usury is not a counter-claim within the Code. (*Prouty* v. *Eaton,* 41 Barb., 412.)

*Per Curiam.* The defendant Cuyler who alone appears in this case and sets up the defense of usury, was in possession of the premises covered by the mortgage sought to be foreclosed in this action. A mortgage had been previously foreclosed upon the premises and the same was purchased by the defendant Bingham on the sale who contracted to sell to Cuyler. Bingham executed the bond and mortgage to enable Cuyler to pay him, Bingham. The defendant Wilmerding

at Cuyler's request bought the premises of Bingham, took a deed, and with the money received from Wilmerding Cuyler paid the balance due Bingham for the sale of the premises to him and agreed to pay the mortgage executed by Bingham. Cuyler is now in possession under contracts with Wilmerding and the title is now in Wilmerding subject to the mortgage.

The answer of Cuyler contains First, a general denial except as admitted. Second, it commences as follows : " And for a second and further defense," and then proceeds to state as such defense the facts above mentioned, and that he was the equitable owner in possession of the mortgaged premises ; that the bond and mortgage was given to secure money loaned for his benefit, and by his negotiation with the plaintiff at a usurious rate of interest, which was agreed upon between the plaintiff and Cuyler ; it claims that the bond and mortgage is usurious and void, and demands, that the bond and mortgage be adjudged to be usurious and void and that they be delivered up and canceled.

The claim that the answer sets up a counter-claim, and that the appellant should have judgment upon the ground that there was no reply, is not, we think, well founded. The answer purports, to set up a defense merely and so expressly states, and it is not claimed therein that it was such counter-claim. Had the answer advised the plaintiff that a counter-claim was intended to be set up, a reply would no doubt have been served, or at least the plaintiff would have been informed of the nature of the pleading. We think that no reply was required, for the reason that no counter-claim was actually interposed by the answer. As a distinction exists between a defense and a counter-claim, when the defense is intended as a counter-claim it should be explicitly stated in the answer ; so as to advise the opposite party, and in the absence of such an allegation, especially when the party defines and characterizes his answer as a defense, and it is uncertain whether a counter-claim is intended, such party is not in a position to insist that he has actually set up a counter-claim, and the answer should be construed and con-

sidered as a defense.   The defendant is bound by his own definition of the answer, and cannot at his own volition change the nature of the pleading which he has characterized, and by so doing may have misled the plaintiff.  (See *Bates* v. *Rosekrans*, 4 Abb. [N. S.], 276; 37 N. Y., 409; *Wright* v. *Delafield*, 25 id., 266; *Burke* v. *Thorne*, 44 Barb., 363.)

There appears to be some confusion in the reported cases arising from the remarks made in the opinions of judges as to the precise difference between a defense and a counter-claim. In *Prouty* v. *Eaton* (41 Barb., 412) usury was held to be a substantive defense and not a counter-claim under ordinary circumstances.   Certainly such a rule should prevail where the border line between a defense and a counter-claim, is very close, and the answer avers that it is a defense.   No single case is cited which holds that usury set up as a defense may be regarded as a counter-claim.   In considering the question it should not be overlooked that the defendant upon the trial introduced evidence to establish the usury, and the plaintiff called witnesses to controvert the testimony given. The whole issue was thus tried, and the court found adversely to such a defense.   The defendant having treated the answer as a defense, and having had the benefit of a trial, there is no ground for claiming that any injustice has been done.

It may also be observed, that it is by no means clear, that Cuyler who is in the position of a vendee under the contract with Wilmerding, and bound by the contract to pay the mortgage can be regarded under the circumstances as a borrower, who is entitled to interpose the defense of usury. (*Bissell* v. *Kellogg*, 65 N. Y., 432; also *Wheelock* v. *Lee*, 64 id., 247, and authorities cited.)   The last case holds that the word borrower, means the party who is bound by the original contract to pay the loan.

As the case stands, we are of the opinion that there was no error upon the trial, in any of the rulings, and that judgment should be affirmed, with costs.

All concur.

Judgment affirmed.