LYDIA A. GREEN, APPELLANT, v. DENNIS C. WAITE, RESPONDENT.

*Pleadings in Justices' Courts — when matter set up in an answer constitutes a defense and not a counter-claim.*

The complaint in an action in a Justice's Court demanded a judgment for thirty-one dollars and fifty cents. The answer after setting up a general denial and four separate defenses proceeded: " The said defendant, for a fifth and further answer and defense, alleges that said plaintiff is indebted to him in the sum of $100 for money paid to, and advanced to and for, the plaintiff's use, and for goods sold and delivered to her at divers times." It then demanded judgment that the complaint be dismissed, with costs.

*Held,* that the matter set up as a fifth defense constituted a defense and not a counter-claim, and did not entitle the plaintiff to a new trial upon an appeal taken by her to the County Court.

APPEAL from an order of the Jefferson County Court denying the plaintiff a new trial in that court and striking the cause from the calendar.

*O'Brien, Emerson & Ward*, for the appellant.

*Lansing & Rogers*, for the respondent.

SMITH, P. J. :

The plaintiff sued the defendant in a Justice's Court on contract for work done by her for the defendant. The justice having rendered a judgment in favor of the defendant for costs, the plaintiff appealed to the County Court, and in her notice of appeal demanded a new trial in the appellate court, which was refused by the order appealed from.

The only question is whether the sum for which either party demanded judgment in the Justices' Court exceeds fifty dollars. The pleadings were in writing. The sum for which judgment was demanded in the complaint was thirty-one dollars and fifty cents besides costs. The answer contained a general denial and four other defenses separately stated. The fifth defense, which is the one upon which the question arises, is as follows: " The said defendant, for a fifth and further answer and defense, alleges that said plaintiff is indebted to him in the sum of $100 for money paid to and advanced

to and for the plaintiff's use, and for goods sold and delivered to her at divers times within the past six years." The answer concluded as follows : " Wherefore the defendant demands judgment that said complaint be dismissed, with costs."

The appellant's counsel contends that the fifth clause sets up a counter-claim for $100. We think it does not. The matters set up therein are distinctly alleged as a defense, and the defendant does not in any part of his answer demand judgment in his favor for any sum whatever. It is true that by the Code of Civil Procedure a pleading in a Justice's Court is not required to be in any particular form. (Sec. 2940.) But the same section requires it to be so expressed as to enable a person of common understanding to know what is intended. (Id.) Even where a party counts upon an account or an instrument for the payment of money only, as he may do under section 2941, by simply delivering it, or a copy of it, to the court and stating that there is due to him thereon from the adverse party a specified sum, he must claim either to " recover " or to " set off " such sum.

It has been held frequently in courts of record that where matter which may constitute either a defense or a counter-claim is pleaded simply as a defense, or without designating it either as a defense or a counter-claim, it will be treated as a defense merely. (*Burrall* v. *De Groot,* 5 Duer, 379 ; *Bates* v. *Rosekrans,* 37 N. Y., 409 ; *Burke* v. *Thorne,* 44 Barb., 363 ; *Equitable Life Ass. Soc.* v. *Cuyler,* 12 Hun, 247 ; S. C., affirmed, 75 N. Y., 511.)

We think the same rule should apply in a Justice's Court ; and although no particular form is required there, yet if in a like case the pleader intends the matter set up as a counter-claim he should so frame his pleading as that such intent will be apparent to a person of common understanding. In this case the matter is set up as a defense and not as a counter-claim, and it must be regarded as a defense only. It follows that the plaintiff was not entitled to a new trial in the County Court.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

So ordered.