Lawrence, J.
This is a motion by the defendant Riggs to strike out a reply served by the plaintiff to his answer, on the ground that the defenses in the answer to which the reply is interposed do not constitute a counter-claim, and that the court has not directed a reply to be served. In the answer, none of the matters which are set up as defenses are characterized as counter-claims, but in each and every instance it is alleged that such matters are pleaded as a separate and distinct defense. In the case of the Equitable Life Assurance Society agt. Cuyler (75 N. Y., 511), the courts say: “ The answer purports to set up a defense merely and so expressly states, and it is not claimed therein that it was such counterclaim. Had the answer advised the plaintiff that a counterclaim was intended to be set up, a reply would no doubt have been served, or at least the plaintiff would have been informed of the nature of the pleading. We think that no reply was required, for the reason that no counter-claim was actually interposed by the answer. As a distinction exists between a defense and a counter-claim, when the defense is intended as a counter-claim it should be explicitly stated in the answer, so as to advise the opposite party, and in the absence of such an allegation, especially when the party defines and characterizes his answer as a defense, and it is uncertain whether a counter-claim is intended, such party is not in a position to insist that he has actually set up a counterclaim, and the answer should be construed and considered as a defense. The defendant is bound by his own definition of the answer and cannot, at his own volition, change the nature of the pleading which he has characterized, and by so doing may have misled the plaintiff ” (Citing Bates agt. Rosekrans, *430 4 Abb. [N. S.], 276; 37 N. Y., 409 ; Wright agt. Delafield, 25 id., —; Burke agt. Thorne, 44 Barb., 363). Tested by the principles enunciated by the court of appeals in that ease, it is quite apparent that the defendant in this action could not, at ■ the trial, claim that any of the matters set forth in his answer constitutes a counter-claim, inasmuch as he has .characterized them as distinct defenses. Besides, it will be •observed that the defendant, in his answer, asks for no affirmative relief. But, independently of the fact that the defendant is, by his characterization of the answer, estopped from claiming that it contains a counter-claim, it is obvious to my mind that the matter to which the plaintiff has replied does not constitute a counter-claim. In Vassear agt. Livingston (3 Kern., 249, 252), it was held that a counter-claim which requires a reply to put it in issue must contain in substance a cause of action in favor of the defendant against the plaintiff. The court say, at page 252: “ A counter-claim must contain the substance necessary to sustain an action on behalf of the defendant against the plaintiff if the plaintiff had not sued the defendant.” If we turn to the second defense in the answer it will be found that, while the defendant alleges that in case of unnecessary delay on the part of the plaintiff to complete the work, or failure to complete it by the time specified in the contract, the defendants were to take charge of the work ■and charge the increased cost or damage to the plaintiff, to be taken out of any money already earned, or to be received by the plaintiff, and that both of the contingencies having occurred, the work was thrown upon the hands • of the defendants, and that thereupon the plaintiff being unable to continue the work, on or about September 1, 1883 (long after the day he wasr by the contract, to complete the work), assigned all his rights, whatever they were, to John W, Butherford, whereby whatever claim, if any, the plaintiff possessed under said contract, was assigned to said Butherford and is vested in the hands of the said assignee, the defendant Biggs nowhere claims that he has been obliged to *431 expend money in excess of the amount which had become due to the plaintiff. Indeed, it is quite apparent that the whole object and scope of the second defense to which it is sought to reply, is to show that Rutherford, and not the plaintiff, is the party who should have brought this action. I am therefore of the opinion that the plaintiff was not entitled to serve a reply in this case. The remedy seems to be a motion to strike it out [See Develin agt. Bevins, 22 How. Pr., 290; Dillon agt. Sixth Avenue R. R. Co., 46 Supr. Ct., p. 21).
Motion granted, with ten dollars costs.