### FAVILLA v. MORETTI.

*(Supreme Court, Special Term, New York County.   April 7, 1890.)*

COUNTER-CLAIM—PLEADING—WHEN REPLY NECESSARY.

 Code Civil Proc. N. Y. § 514, which requires a reply to a counter-claim, applies only where the new matter in the answer is specifically described as a counter-claim; and where the new matter is not so described, but pleaded as a defense, it is to be deemed controverted by plaintiff by traverse or avoidance, as provided by section 522, and defendant's motion for judgment for want of a reply will be denied.

At chambers. Action by Favilla against Moretti for breach of the conditions on a sale of a restaurant. Defendant answered, and now moves for judgment for want of a reply.

*William O. Campbell, (James A. Brady,* of counsel,) for plaintiff. *James Flynn,* for defendant.

LAWRENCE, J. The matters alleged in the answer are not pleaded by the defendant as a counter-claim, but as a defense. It is alleged that the agreement between the plaintiff and the defendant for the sale by the defendant to the plaintiff of the Café Moretti was upon the condition that the defendant should not, within three months thereafter, open a similar *café,* hotel, or restaurant below Thirteenth street, in the city of New York, or allow any one else to use his name for a similar purpose; that when the terms and conditions of said contract were so agreed upon the plaintiff procured the contract to be written, preparatory to being signed, and so produced and presented the same to defendant to be signed by him; that the defendant, who cannot read English, asked the plaintiff if it was written as they had agreed, and was told by him it was; and the defendant, supposing and believing that it was, and relying on the plaintiff's statement, subscribed his name to the contract. It is then alleged that the defendant did not know the agreement not to open a similar *café,* hotel, or restaurant was not limited in the agreement as written to three months, until the commencement of this action; that the defendant subscribed his name in ignorance of the fact that the written paper did not truly express the contract as made; that the plaintiff was guilty of fraud and deceit; and, while admitting that he has opened a similar *café* below Thirteenth street, he avers that he did not do so until after the expiration of three months from April 23, 1888, the date of the delivery of the possession of the Café Moretti to the plaintiff. Judgment is therefore demanded that the contract be reformed so as to express the true agreement between the parties, etc. No reply having been interposed to this answer, it is claimed that the defendant is entitled to judgment without making any proof of the facts alleged. The

position cannot be sustained. The court of appeals held in *Society* v. *Cuyler*, 75 N. Y. 511, that the counter-claim must be described as such, where the question turned upon the want of a reply. And in *Acer* v. *Hotchkiss*, 97 N. Y. 408,.409, where the cases on this point are collected, the court say, after referring to the case in 75 N. Y., *supra:* "Such a rule is essential to protect a plaintiff from being misled by an answer, and to prevent the snare of a counter-claim lurking under the cover of a supposed defense, and unconsciously admitted by a failure to reply." See, also, *Bates* v. *Rosecrans*, 37 N. Y. 409. Furthermore, as the defendant seeks affirmative relief in asking for a reformation of the contract, he is bound to make proof of the facts on which he relies as entitling him to such relief. The new matter being pleaded as. a defense, and not as a counter-claim, under section 522 of the Code of Civil Procedure, is to be deemed controverted by the plaintiff by traverse or avoidance. The defendant's motion for judgment will therefore be denied, and the cause restored to the calendar.