## MORRIS v. CHAMBERLIN.

*(Supreme Court, General Term, Third Department. May, 1891.)*

SET-OFF AND COUNTER-CLAIM—PLEADING—EXPRESS AVERMENT.

    An answer setting up matters in the nature of a counter claim must allege that they are pleaded by way of counter-claim, and an allegation of damages sustained by defendant, "which he demands to recover from the plaintiff to the destruction of plaintiff's claim in this action," and to recover the balance, is insufficient to charge plaintiff with notice that a counter-claim is intended.

Appeal from special term, Rensselaer county.

Action by Morris, Tasker & Co. against Lee Chamberlin. From an order denying his motion for judgment on the pleadings, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Rufus M. Townsend,* for appellant. *C. S. McChesney,* for respondents.

LEARNED, P. J. The action is for goods sold and delivered. A schedule of the items is annexed to the complaint, showing the goods to be what are called "Ells and Fees." The answer set up for the defense a contract for the goods specified in the complaint, and also for other goods, being certain sizes and quantities of pipe, which were not delivered at the time specified, and a portion of which were afterwards tendered on condition of immediate payment of the price. It avers also that by this breach of contract defendant has suffered damages to a certain amount, which he "demands to recover from the plaintiff to the destruction of plaintiff's claim in this action, and to recover the balance." The defendant did not state that this was not a counter-claim. The plaintiff did not reply. The defendant noticed the cause for trial at the circuit to be held May 19th. He then moved for a judgment on the pleadings, May 3d, on the ground that no reply had been served. The motion was denied, and defendant appeals. Now, it is true that the matter set up in the answer constituted a distinct cause of action arising out of the contract or transaction set forth in the complaint and is therefore a counter-claim, as distinguished from a defense. Code, § 501, subd. 1. But in order that the plaintiff shall understand that the defendant so treats the allegations, the defendant must expressly state that they are averred as a counter-claim. This must be done so that plaintiff shall know that a reply is necessary. There is no good sense in requiring the plaintiff to conjecture whether the defendant intends a counter-claim or a defense. The defendant must state this plainly, otherwise the plaintiff is misled. If the defendant does not say

that he intends a counter-claim, no reply is needed. *Assurance Society* v. *Cuyler*, 75 N. Y. 514; *Acer* v. *Hotchkiss*, 97 N. Y. 408; *Avery* v. *Railroad Co.*, 6 N. Y. Supp. 549; *Wood* v. *Gordon*, 13 N. Y. Supp. 595; *Favilla* v. *Moretti*, Id. 707. This is a plain rule, which prevents any mistake. It is abundantly settled by precedent, and is reasonable. Order affirmed, with $10 costs and printing disbursements. All concur.