FRANKLIN D. NEWTON, Appellant, *v.* GERTRUDE E. LEE and Others, Respondents.

*Action by the assignee of a claim — damages for a breach of contract by the plaintiff's assignor — available to a surety of the party damaged, as a set-off, although not a counterclaim, in extinguishment of the plaintiff's claim.*

In an action brought by the assignee of a claim, to recover the value of goods alleged to have been sold by the plaintiff's assignor to the defendants, the answer, as a separate defense, denied that the sale was made to the defendants, but stated that it was made to a third party, for whom the defendants were sureties only, and alleged a breach of the contract out of which the plaintiff's claim arose, on the part of the plaintiff's assignor, existing at the time of the assignment, and asked to recoup the damages for such breach as far as should be necessary to extinguish the plaintiff's claim.

*Held,* that this presented a defense which was good to the extent of the entire extinguishment of the assigned claim, if the proof of damages was sufficient.

APPEAL by the plaintiff, Franklin D Newton, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of Queens county on the 26th day of January, 1893, on a decision rendered at Special Term, overruling a demurrer of the plaintiff to a part of the answer.

The interlocutory judgment gave leave to the plaintiff to serve a reply, if he so elect ; that part of the judgment is not appealed from.

The demurrer was as follows :

" The plaintiff demurs to the counterclaim and defense consisting of new matter contained in the answer, namely, that part thereof alleged in the paragraph numbered II., and to the whole of such paragraph, upon the ground that it is insufficient in law upon the face thereof.

" He further demurs to the said counterclaim upon which the defendants demand affirmative judgment upon the grounds :

" 1. That the counterclaim is not of the character specified in section 501 of the Code of Civil Procedure, in that the allegations thereof do not show it to be a cause of action against the plaintiff or the person whom he represents, and in favor of the defendants.

" 2. That the said counterclaim does not state facts sufficient to constitute a cause of action."

The following stipulation was executed by the defendants' attorneys :

" It is hereby stipulated and agreed that the defense contained in the answer of the defendants herein, namely, that part thereof alleged in the paragraph numbered two, and to which the plaintiff herein has demurred, is not a counterclaim or a statement of any new matter constituting a counterclaim, as defined or intended under the Code of Civil Procedure.

" This stipulation is made upon the condition that the said demurrer of the plaintiff herein be overruled."

*Nelson S. Spencer*, for the appellant.

*James W. Perry*, for the respondents.

BARNARD, P. J. :

The complaint states that certain articles of personal property were sold and delivered by the Naugatuck Malleable Iron Company

to the defendants; that the bill for the value of the same is unpaid, and that the company has assigned the claim to the plaintiff. The defendants deny the sale, the value claimed and the assignment to the plaintiff. The answer then proceeds to make a distinct and separate defense to the effect and purport that the sale was made to the American Bit Brace Company, and not with the defendants. That the American Bit Brace Company, on the 13th day of July, 1892, made an order for castings to be made by the Naugatuck Malleable Iron Company, which that company failed to execute and thereby caused great loss to the American Bit Brace Company, and the defendants ask to recoup, set-off and counterclaim this damage against the plaintiff's claim. The distinct and separate defense further states that the defendants were only sureties for the payment of the account of the American Bit Brace Company to the Naugatuck company. The separate answer states a clear case where the counterclaim existing against the Naugatuck company at the time of the assignment should be available to destroy the claim assigned to the plaintiff as far as it was to go, or, as stated in the demand for judgment, as far "as shall be necessary to extinguish the plaintiff's demand." The demurrer was properly overruled. (Code, § 502, subd. 1; *Baker* v. *Hotchkiss*, 97 N. Y. 395.)

The plaintiff took the contract with all defenses against the assignor for the breach of the contract out of which the claim arose, and the defense is good so far as the entire extinguishment of the assigned claim if the proof of damages is sufficient. No personal claim is made against the plaintiff. (*Bates* v. *Rosekrans*, 37 N. Y. 409.)

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.