HARRIET M. S. HUTCHINSON, Respondent, *v.* THE CITY OF ROCHESTER and SAMUEL B. WILLIAMS, as Treasurer of the City of Rochester, Appellants.

*Municipal corporation — a tax upon one piece of property and an assessment upon another against the same person in the same tax roll are independent — one may be paid and not the other — what is "a claim" against the city of Rochester.*

In an action brought to compel the defendant to accept the amount of a tax upon land belonging to the plaintiff and for a determination that the amount of an assessment made upon other property of the plaintiff and inserted in the same general city tax roll should not be deemed a charge upon the lot upon which the tax was levied, it appeared that in 1891, a parcel of land owned by the plaintiff and known as Warwick avenue was assessed for improvements; that in 1893 the plaintiff was assessed for city taxes upon another lot, described as

No. 12; that the assessment upon Warwick avenue, not having been paid, was placed upon the tax roll in a column distinct from the column in which the tax on lot No. 12 appeared; that the plaintiff tendered the city treasurer the amount of the tax, and that he declined to receive it unless she also paid the assessment.

*Held,* that the plaintiff had a right to pay the tax on lot No. 12, and that the city treasurer had no authority to make its reception conditional upon her payment of the assessment;

That if the city desired to recover the assessment it should, under the provisions of the city charter, sell the property known as Warwick avenue.

That the matters set up in the answer, that the assessment was properly set up in the tax roll and that thereupon the plaintiff became personally liable to pay it, were not available as a counterclaim;

That the plaintiff was not alleging a claim against the city, but merely the right to pay a tax, and that, therefore, the provisions of the city charter, which required that a claim, debt or demand must have been presented to the common council for audit forty days before an action could be brought against the city to recover or enforce it, had no application.

APPEAL by the defendants, The City of Rochester and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 26th day of February, 1895, upon the decision of the court rendered after a trial at the Monroe Equity Term.

*Eugene J. Dwyer,* for the appellants.

*John H. Hopkins,* for the respondent.

BRADLEY, J.:

In 1891 a certain parcel of land known as Warwick avenue, then owned by the plaintiff, was assessed $174.79 for improvement on Chili avenue in the city of Rochester. In 1893 the plaintiff was assessed for a general city tax $138.94 upon her other premises described in the complaint and known as lot No. 12 in the city. And the assessment of 1891, made as before mentioned on Warwick avenue, not having been paid, was inserted in the general city tax roll of 1893 in a column distinct from that in which the tax on lot No. 12 appeared. For some reason which does not appear in the record here the plaintiff claims that she is not chargeable with that assessment, and she alleges that the city seeks to treat it as a charge upon her lot No. 12, and threatens to sell that lot for that assessment inserted in such roll as well as for such other tax. The plaintiff having tendered the amount of the latter tax to the city treasurer,

and, on his refusal to accept it, having paid the money into court, brings this action to require the city treasurer to receive the money so paid into court in payment of the tax to pay which it was tendered, and for the determination by the court that the amount of the assessment so made upon Warwick avenue and inserted in the general city tax roll is not a charge upon her lot No. 12. This relief was given by the judgment.

It is not seriously contended by the defendants' counsel that the amount of such assessment of Warwick avenue became a lien upon the lot No. 12, but it is insisted that it was properly inserted in the general city tax roll; that thereupon the plaintiff became personally liable to pay it, and that the treasurer was not required to accept the payment of the other tax without the payment of that also.

The city charter provides that when a warrant shall have been issued for the collection of an assessment and returned unsatisfied, the assessors, in preparing the next roll for general city taxes, shall insert therein against the property on which it was assessed the amount of such unpaid assessment; that "such amount shall be in a separate column from the general city tax to be levied for the ensuing year." (Laws of 1880, chap. 14, § 209.)

It also provides that the assessment made in the manner prescribed shall create a personal obligation or liability of the owner of the land assessed to pay the city the amount of it, and that for its collection an action may be maintained by the city. (Id. § 206.)

The amount of the assessment was on the roll in a column distinct from the tax, and no good reason appears for denial to the plaintiff of the right to pay either without including the other in the amount paid. It may be assumed that both could be united in an action for recovery against the plaintiff personally, yet the assessment was not a charge on any other than the land embraced within it. The charter provides that in the event there mentioned the city treasurer may cause to be sold real estate charged with any tax or assessment. (Laws of 1880, chap. 14, § 94.)

The purpose of the plaintiff in tendering payment of the tax was to relieve her lot No. 12 from the charge of it. This could not in any legal sense prejudice the city. It had the same right if the assessment was valid to charge the plaintiff personally for it, or, so far as appears, proceed to sell the land assessed by it. The assess-

ment and tax are not analogous to different items of a single debt, nor is there any support for the condition which renders relief from one by its payment dependent upon the payment of both of them. The tender was sufficient in amount and effectual. to entitle the plaintiff to relief from the tax.

The matter set up in the answer is not available as a counterclaim in the action. (Code Civ. Proc. § 501; *Equitable L. Ins. Society* v. *Cuyler*, 75 N. Y. 511.)

It is urged on the part of the defendant that the purpose of the action comes within the provision of the city charter which requires that a claim, debt or demand shall have been presented to the common council for audit forty days before an action against the city to recover or enforce it is permitted. (Laws of 1890, chap. 561, § 18.) The subject of this action is not a claim against the city in the ordinary sense of the term, nor is there anything for the common council to audit. The plaintiff alleges no claim against the city. She merely asserts the right to pay its treasurer the amount of a tax without including in the payment an assessment, and seeks to have defendants required to recognize such alleged right and receive for such purpose the money tendered to pay it. This constitutes no claim against the city in the common acceptation of that term. And, therefore, this action does not come within the fair meaning or import of the provision last mentioned of the city charter. Nor are the cases cited by counsel applicable to the purpose of the action.

The judgment should be affirmed.

LEWIS, WARD and ADAMS, JJ., concurred.

Judgment affirmed, with costs.