MICHAEL J. DADY, Respondent, v. THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW
YORK, Appellant.

*Certificate of commissioner of public works as to the necessary delay in executing a
contract — not a condition precedent to a suit thereon — effect upon the recovery
of stipulated liquidated damages where the city has caused the delay.*

A contract with the city of New York provided for the completion of the work
therein mentioned in 300 days, and authorized the city to take and retain out
of the moneys payable thereunder the sum of twenty dollars a day as liquidated
damages for any delay beyond the prescribed period. It also provided that, in
computing the 300 days, there should be excluded " the time aggregated in days
and parts of days during which the work required by this contract has been
delayed by any act or omission on the part of the parties of the first part (the
City of New York); all of which shall be determined by the said commissioner
of public works, who shall certify to the same in writing."

In an action brought by the contractor to enforce the contract, the city charged
that the contractor had delayed the work beyond the prescribed period, while
the contractor charged that such delay had been caused by the city itself in
carrying out other public works in the neighborhood, which prevented him
from fulfilling his contract within the time specified therein.

*Held*, that the contract did not make the obtaining of the certificate of the com-
missioner of public works a condition precedent to the maintenance of a suit to
recover money under the contract, where delay had intervened and the work had
not been completed within the 300 days.

That when the city caused any substantial delay in the work, it lost the right to
charge the contractor with the stipulated liquidated damages for over-time, and
could only insist that the time within which the work should be completed
should be a reasonable time.

Appeal by the defendant, the Mayor, Aldermen and Commonalty
of the City of New York, from an order, entered at the New York
Circuit on the 26th day of June, 1889, denying the defendant's
motion for a new trial; and also from a judgment, entered at the
circuit on the 7th day of June, 1889, adjudging that the plaintiff
Michael J. Dady recover of the defendant, the Mayor, Aldermen
and Commonalty of the City of New York, the sum of $2,882.98,
together with costs.

*John J. Townsend*, for the appellant.

*L. Laflin Kellogg*,, for the respondent.

Bartlett, J. :

The plaintiff brings this action as the representative of the firm of John Cox & Co., to recover a balance of $2,841 claimed to be due from the city upon a contract for regulating and grading One Hundred and Eighth street, from Eighth avenue to Manhattan avenue, and setting curb-stones and flagging sidewalks therein. The defendant admits the execution of the contract but claims the right to retain, out of the sum which the contractors would otherwise be entitled to receive, $2,740 as liquidated damages for delay in completing the work, and $101 as repair security. The contract provided for the completion of the work in 300 days, and authorized the city to deduct and retain out of the moneys payable thereunder the sum of twenty dollars a day as liquidated damages for delay beyond the prescribed period. The defendants insist that the contractors are chargeable with 137 days over-time under this provision in the contract, to which the plaintiff responds that the city itself prevented him from doing the work in 300 days, and hence should not be allowed to hold back any portion of the payment. His proposition that the delay was attributable to the action of the city authorities in carrying on other public works in the neighborhood, which prevented him from fulfilling his contract so far as the element of time is concerned, has been sustained by the finding of the jury.

The contract provides that, in computing the 300 days Sundays shall be excluded and holidays on which no work is done, and days when work is suspended by order of the commissioner, and "the time, aggregated in days and parts of days, during which the work required by this contract has been delayed by any act or omission on the part of the parties of the first part (the defendants), *all of which shall be determined by the said commissioner of public works, who shall certify to the same in writing."* The first point made in behalf of the appellant is that the plaintiff was bound to produce the certificate mentioned in this clause of the contract or prove that he had applied for it, and that his request had been unreasonably refused. But the contract does not make the obtaining of this certificate a condition precedent to the maintenance of a suit to recover moneys earned thereunder. The provision seems designed to enable the

defendant, if so disposed, to appeal to the commissioner of public works to decide how much time should be excluded from the 300 days by reason of the city's interference with the due prosecution of the work by the contractors, so that if the contractors claimed too large a deduction on that account, this officer should act as an arbiter between the parties, previously chosen or consented to by both. Unless the city called him in to compute the delay, however, the contractors were certainly not bound to do so.

Section 328 of the New York city consolidation act (chap. 410 of 1882) prescribes that the construction of work under plans for sewerage shall have precedence over and shall not be interfered with by any work connected with other street improvements. The plaintiff attributed much of the delay to the building of a sewer in Eighth avenue. The second point made in behalf of the city on the present appeal is that the plaintiff must be deemed to have had knowledge of this law, and in undertaking to complete his work in 300 days the contractor assumed the risk of any delay he might suffer through the operation of the statute giving sewerage works a preference over other street improvements. In other words, the position of the appellant appears to be that the city can avail itself of this statute to interfere with a street contractor's work and then charge him twenty dollars a day for the delay which it thus occasions. Further discussion of this suggestion seems unnecessary.

Finally, it is contended that the trial court erred in declining to instruct the jury that they might apportion the over-time between the contractors and the city, so that the plaintiff should recover only for the exact number of days that the work was delayed by the action of the city authorities. The learned judge was of the opinion that there was no evidence in the case precise enough to make such an apportionment anything but mere guess-work, and charged the jury that if the city, by its action, so delayed the contractors as to prevent them from finishing the work within the contract time, the plaintiff was entitled to a verdict for the full amount, but that if it had caused no such delay, the city was entitled to a verdict. I think this instruction was correct. When the city caused any substantial delay in the work, it lost the right to charge the contractors with the stipulated liquidated damages for over-

time, and could only insist that the time of completion should be reasonable.

In my opinion, the judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment and order affirmed, with costs.