TOOP *et al. v.* MAYOR, ETC., OF THE CITY OF NEW YORK.

(*Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. DISMISSAL—FAILURE OF PROOF—PLEADING.

In an action against a city for work done and materials furnished in construct-ing a sewer, where the answer admits that "certain work" was performed in con-structing the sewer, a motion to dismiss, on the ground that plaintiffs had not proved that they performed the work or furnished the materials alleged, is prop-erly denied, as they are entitled to recover at least a nominal amount.

2. APPEAL—AMENDMENT OF PLEADINGS—STIPULATION—ACTION BY ASSIGNEES.

Sureties for performance of a contract for work brought suit, alleging that the work had been abandoned by the contractor and performed by them, with the con sent of the other party to the contract, and recovered judgment against the latter for the compensation agreed on. *Held,* on appeal from such judgment, that an ob-jection that plaintiffs had not shown an assignment to them of the contract was obviated by an oral stipulation by counsel on the argument that the court should dispose of the appeal as though plaintiffs were properly assignees of the contract, and that the pleadings should be amended to show an allegation and admission of such assignment; the appellate court having power to allow such amendment.

3. MUNICIPAL CORPORATIONS—SEWER CONTRACT—CERTIFICATE OF COMMISSIONER.

A contract with a city for the construction of a sewer provided that the work should be commenced on such day as the commissioner of public works should des-ignate, and be completed within 60 days thereafter, excluding the time during which work might be delayed by difficulties that could not be foreseen or avoided, or by any act or omission of the city, "all of which shall be determined by the said commissioner of public works, who shall certify to the same in writing." *Held,* that the obtaining of such certificate was not a condition precedent to the mainte-nance of an action to recover moneys earned under the contract. Following *Dady v. Mayor, etc.,* 10 N. Y. Supp. 819.

4. LIQUIDATED DAMAGES—PLEADING.

Under a contract providing for a deduction from the compensation agreed to be paid for the work contracted for, of a certain sum per day as liquidated damages for delay in completing the work beyond the time specified, the right to such de-duction is not available to defendant in an action for the compensation unless pleaded either as a counter-claim or as a partial defense under Code Civil Proc. N. Y. § 508, which allows a partial defense to be set forth if "expressly stated to be a partial defense."

Appeal from trial term.

Action by George H. Toop and James McBride against the mayor, alder-men and commonalty of the city of New York. Defendants appeal from a judgment for plaintiffs entered on the verdict of a jury and from an order de-. nying a motion for a new trial.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*William H. Clark,* (*Woolsey Carmalt,* of counsel,) for appellants. *Deyo, Duer & Bauerdorf,* (*Robert E. Deyo,* of counsel,) for respondents.

BISCHOFF, J. On December 27, 1886, one James E. Devlin contracted with the defendants to build a sewer on One Hundred and Forth-Eighth street between Seventh and Eighth avenues in the city of New York, the work to be commenced at such time as the commissioner of public works should des-ignate, and to be completed within 60 days. At the time of awarding the contract to Devlin, the latter executed and delivered to the defendants a bond in the penalty of $2,000, with the plaintiffs as sureties, and conditioned for the faithful performance of the contract by Devlin. The contract, among other things, provided for an assignment thereof by Devlin upon the previous consent in writing to such assignment to be indorsed upon the contract by the commissioner of public works. Devlin, having been duly notified to pro-ceed with the construction of the sewer, delayed the commencement of the work, and was thereupon again notified by the commissioner of public works that, unless the work was begun and completed within a reasonable time, the contract would be declared abandoned, and he and his sureties held answer-able for any damages resulting to the defendants. By direction of the com-missioner of public works a similar notice was sent to the sureties, the plain-

tiffs. Plaintiffs thereupon caused said contract to be assigned to them by Devlin, and, having duly notified the commissioner of public works of such assignment, requested his assent thereto, and permission, as such assignees, to proceed with and complete the work. The assent and permission were accorded, but it did not appear upon the trial that the assent was in the manner provided for by the contract. After completion of the work plaintiffs demanded payment of the contract price, to-wit, $2,851.54, which amount was conceded to be correct; but defendants claimed to be entitled to a deduction of $880 under the contract, being at the rate of $20 per day for 44 days employed in the construction of the sewer in excess of the 60 days within which the work was agreed to be done. To this deduction plaintiffs objected, and thereupon brought suit to recover the full amount, and did recover a verdict for the same, with interest, and from the judgment entered thereon defendants have appealed.

The record of this case, as the same has been presented to us, shows that the contentions of the defendants upon the trial were threefold: *First*, that plaintiffs had not proved the performance of the work, and that they have furnished the materials alleged in the complaint, nor their value; *second*, that plaintiffs had not shown either a contract between themselves and the defendants, pursuant to law, for the performance of the work, or an assignment to them of the contract with Devlin; *third*, that defendants were entitled to a deduction of $880 for damages for the excessive number of days employed in the construction of the sewer. The first contention arose upon a motion for the dismissal of the complaint, when the plaintiffs rested. The learned trial justice ruled, and, we think, properly so, that the answer did not admit the work or its value, and required plaintiffs to give proof of these facts, and thereupon plaintiffs' counsel was permitted to introduce in evidence what purports to be a portion of a certificate made by the commissioner of public works. This extract may be found at page 21 of the case on appeal, but it is difficult to understand how it can be construed to be any proof of the rendition of the work, the furnishing of the materials, or proof of the value of any work performed by the plaintiffs or their assignor. It is at most but a specification of the work therein mentioned, with certain prices set opposite, and contains no admission, express or implied, that the work therein mentioned was performed by any person whatsoever. Nevertheless, the motion to dismiss was properly denied. The answer admits that certain work was performed in the construction of the sewer, and this entitled the plaintiffs to a recovery of at least nominal damages, and hence it would have been error to dismiss the complaint. The defect in plaintiffs' proof was subsequently abundantly supplied by the defendants, when defendants' counsel introduced in evidence the certificate of the commissioner of public works in full, from which it appeared that the work had been completed, and that the sum claimed by plaintiffs was the amount which defendants agreed to pay therefor. Defendants' second contention was disposed of by the verbal stipulation entered into by counsel for the respective parties to this appeal, made in open court upon the argument, to the effect that this court should dispose of the appeal as though the plaintiffs were properly the assignees of the contract with Devlin, and that the pleadings for such purpose should be deemed to be amended so as to contain an allegation of such assignment in the complaint and an admission of the fact of such assignment in the answer. The appellate court has power to allow such amendment, (see *Reeder* v. *Sayre*, 70 N. Y. 180; *Volkening* v. *De Graaff*, 81 N. Y. 268,) and the order to be entered on the decision of this appeal should contain a direction that the pleadings be amended in accordance with the stipulation.

The remaining contention—that respecting the claim of the defendants for $880 liquidated damages—arises out of the following clause of the contract with Devlin, to-wit: "The said party of the second part [Devlin] hereby

further agrees that he will commence the aforesaid work on such day and at such place or places as the said commissioner may designate, and progress therewith so as to complete the same in accordance with this agreement, on or before sixty days thereafter; that the said number of days shall not be construed to mean consecutive days, but the aggregate time of all inspectors who may be employed on the work; and that in the computation of said time, the length of time (expressed in days and parts of a day) during which the work or any part or section thereof has been delayed in consequence of. the condition of the weather, or tides, or by any difficult circumstances so unusual that they could not be foreseen previous to, or avoided during, the prosecution of the work, or by any act or omission of the parties of the first part, (all of which shall be determined by the said commissioner of public works, who shall certify to the same in writing,) and also Sundays and holidays, on which no work is done, and days on which the prosecution of the whole work is suspended by order in writing by the said commissioner, shall be executed.   *   *   *   And the said party of the second part hereby further agrees that the said parties of the first part shall be, and they are hereby, authorized to deduct and retain out of the moneys which may be due or become due to the said party of the second part under this agreement, as damages for the non-completion of the work aforesaid within the time hereinbefore stipulated for its completion, the sum of twenty dollars for each and every day the aggregate time of the inspectors employed upon said work may exceed the said stipulated time for its completion, which said sum of twenty dollars per day is hereby, in view of the difficulty of estimating such damages, agreed upon, fixed, and determined by the parties hereto as the liquidated damages that the parties of the first part will suffer by reason of such default, and not by way of penalty." It was claimed by counsel for defendants upon the trial, and urged upon the hearing of this appeal, that this clause necessitated the production of the certificate of the commissioner of public works as a condition precedent to a recovery by the plaintiffs. Precisely the same clause was considered by the general term of the supreme court in the first department in *Dady* v. *Mayor, etc.*, 10 N. Y. Supp. 819, (July, 1890,) and it was there held "that this provision was intended to enable the city to appeal to the commissioner in case the contractors claimed too large a deduction, and did not make the obtaining of a certificate a condition precedent to the maintenance of a suit to recover moneys earned under the contract." This construction appears appropriate upon a careful and impartial reading of the particular clause under consideration. *Phelan* v. *Mayor, etc.*, 119 N. Y. 86, 23 N. E. Rep. 175, is not to the contrary, as the learned counsel for defendants urges. The decision in that case extends no further than that, upon proof by the defendant that the time employed by the performance of the work exceeded the time allotted by the contract, the defendant is entitled to a deduction from the contract price agreed upon to be paid for the work of the liquidated damages fixed for each day in excess of the allotted number of days, and that, if the contractor desires to defeat or diminish the deduction for such liquidated damages, it is incumbent upon him to procure a certificate of the commissioner of public works excusing the delay, or part of such delay, or to show that such a certificate had been demanded, and that the commissioner had neglected or refused to act in the premises. To have availed themselves, however, of the right to deduct the liquidated damages provided for in the contract, the defendants should have pleaded such right by proper averments and recitals. The right to the deduction constitutes either a counter-claim to the amount of liquidated damages claimed, or a partial defense to plaintiffs' cause of action. If relied upon as a counter-claim, the answer should have so stated, and asked for affirmative relief, so that plaintiffs, upon sufficient notice, might have replied thereto if they had so desired, and thus have secured the right to attack the commissioner's certificate by making the ques-

tion of the good faith and fairness of the certificate an issue in the action. *Society* v. *Cuyler*, 75 N. Y. 511. Again, if the allegations of the answer respecting the commissioner's certificate and the deduction of liquidated damages were intended to be interposed as a partial defense to the plaintiffs' cause of action, the answer was not effective for that purpose, because it did not expressly state that the averments were relied upon as a partial defense. See Code Civil Proc. § 508. There was, then, at the time of the trial no issue to be disposed of touching the defendants' claim for liquidated damages, and this view renders unnecessary the discussion of the objections to the admission and exclusion of evidence bearing upon such claim, as well as defendants' exceptions to the charge and refusal to charge, so far as they refer to the same claim. If defendants were not in a condition to insist upon their claim, the exception and exclusion of evidence relating thereto, and its submission to the jury, might have been prejudicial to the plaintiffs, but cannot be said to have harmed the defendants. The judgment and order appealed from should be affirmed, with costs. All concur.