### STYLES v. BLUME.

(Common Pleas of New York City and County, Equity Term. June, 1894.)

EQUITY—JURISDICTION—MONEY JUDGMENT.

In an action for specific performance of a contract to sell land, or, in case defendant cannot make good title, for a judgment for the money paid by plaintiff under the contract, plaintiff may recover a money judgment merely, where defendant did not al'ege in his answer that the action was improperly brought, or that plaintiff had an adequate remedy at law.

Action by Adelaide B. Styles against Joseph Blume for specific performance. Judgment for plaintiff.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for plaintiff.

A. J. Skinner, for defendant.

BOOKSTAVER, J. This action was brought for the specific performance of a contract for the sale of certain real estate in this city, or, in case the defendant cannot make good title, then for judgment for the amount deposited on signing the contract, and her expenses in searching title, etc. On the trial, defendant offered to allow judgment for specific performance, and claimed plaintiff had no right to more or different. But it then appeared that since the failure of the defendant to complete at the time engaged upon between the parties, and since the commencement of the action, the property has depreciated in value; and, although defendant claimed to be ready to give a title in fee, it also appeared that when the title was to be closed there was an outstanding claim of title in the father of defendant, and that no quitclaim or other deed had ever been delivered or recorded, releasing the claim, nor was such deed tendered on the trial. It is also admitted that at the time there were unpaid taxes and water rates, and an assessment for a sewer in Eighth avenue against the property. Under such circumstances, I think it would be unjust and inequitable to decree specific performance merely, for that would result in giving the defendant an advantage for his own wrong, and thereby the parties would not be placed in the condition they were before the contract was signed. See Fitzpatrick v. Dorland, 27 Hun, 291; Dady v. Mayor, etc. (Sup.) 10 N. Y. Supp. 819. Nor do I think that a court of equity is precluded, in a case like the present, from awarding a money judg-

ment merely, as this is the only judgment which would give adequate relief, and the defendant has not, by his answer, claimed the action was improperly brought, or that the plaintiff had an adequate remedy at law, but has submitted to the forum. But plaintiff can only recover the amount of her deposit, and expenses in searching the title. What she expended in excavating, etc., was done at her risk, and on a mere consent given by the defendant, which does not render him liable for such expenses.