(110 App. Div. 366.)

JOHN A. ROEBLING'S SONS CO. OF NEW YORK v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

MUNICIPAL CORPORATIONS—CLAIMS—INTEREST—RIGHT TO RECOVER—PERIOD OF COMPUTATION.

Where a contract for the construction of a bridge for the city of New York provided that, when the work should be completely performed, the engineer having supervision of the work for the city should so certify in writing to the commissioners, who, on the expiration of 30 days after the acceptance of the work by them, should direct the payment to the contractor of the amount due him, and the work was completed and the bridge accepted on November 15, 1902, when a certificate of completion was demanded, but was wrongfully refused, but was finally given on July 30, 1903, and a claim for the amount due was filed with the comptroller on July 23, 1903, after which suit was brought to recover the amount due, the contractor was entitled to interest from December 15, 1902, the time when payment was due under the contract, and the running of interest was not postponed until August 23, 1903, which was 30 days after the filing of the claim with the comptroller, notwithstanding the provision of Greater New York Charter, § 261, that no action shall be prosecuted against the city until 30 days have elapsed since the demand upon which the action is founded has been presented to the comptroller, and he has neglected or refused to pay the same.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 909, 2174.]

Appeal from Trial Term.

Action by John A. Roebling's Sons Company of New York against the city of New York. From so much of a judgment for plaintiff as awards interest on the amount recovered, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Theodore Connoly, for appellant.
Herbert Noble, for respondent.

McLAUGHLIN, J. This action was brought to recover the sum of $231,081.59, a balance alleged to be due the plaintiff under a contract for the construction of the new East River Bridge. The defendant claimed the right to deduct from such balance the sum of $175,000 for 175 days alleged overtime in the completion of the work. The contract under which the work was done provided that whenever, in the opinion of the engineer having supervision of the work for the city, the other party to the contract shall have "completely performed," then the engineer should so certify in writing to the commissioners, and "on the expiration of 30 days after the acceptance by said commissioners of the work * * * the said commissioners will direct to be paid to the said party of the second part, in cash, the amount remaining" due. The work was completed and the bridge accepted by the city on the 15th of November, 1902, but the final certificate was not given until the 30th of July, 1903. It was demanded, however, immediately upon completion of the work, but the engineer refused to give a certificate other than one which would show that the contractor had not performed the work on time; in other words, that it had taken 175 days more than called for by the contract, and for which, according to its terms, it was to be penalized in the sum of $1,000 a day, or $175,000 in all. The plaintiff did not ascertain this fact until a few days after November 15th, when its manager went to the office of the comptroller of the city and there had tendered to him a check in full payment of the contract price less the $175,000 which had been deducted. The manager refused to accept the amount tendered and on the 23d of July, 1903, it filed its claim with the comptroller and thereafter brought this action. The issues raised by the pleadings were sent to a referee to hear and determine, who found for the plaintiff in the full amount claimed, together with interest thereon from December 15, 1902; that is, 30 days after the completion and acceptance of the work. Judgment was entered upon the referee's report and the defendant now appeals from so much thereof as allowed interest on the sum recovered from December 15, 1902, claiming that interest could only be recovered on such sum from the 23d of August, 1903; that is, 30 days after the claim was filed with the comptroller.

The city's contention in this respect is based upon the provision of section 261 of the charter (Laws 1901, p. 114, c. 466):

"No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers, that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded, were presented to the comptroller of said city for adjustment and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

I am unable to see the force of this contention. The section of the charter quoted has no application to the question here presented. It simply requires that, as a basis for the maintenance of an action, a claim shall be filed at least 30 days before the action is commenced, or special proceeding instituted. It does not state in terms, nor can it be implied from the facts here presented, that interest cannot be recovered on the claim made, if such claim be subsequently established.

Here, the cause of action against the city arose out of the contract which it entered into with the plaintiff and which fixed and controlled the time of payment. It is true final payment under its terms was dependent upon the certificate of the engineer, and until that had been issued the plaintiff was in no position to demand payment from the comptroller, who could not, in fact, have paid it until the certificate were issued or a judgment obtained.

The. plaintiff was entitled to a certificate when the work was completed, and the bridge accepted by the city, and by express terms the contract provided that "on the expiration of 30 days after the acceptance by the commissioners" payment would be made. The legal obligation, therefore, rested upon the city (plaintiff having fully performed the contract and the work having been accepted) to pay the stipulated price within the stipulated time. If the contention of the city be correct, then it could, by the engineer's withholding his final certificate, deprive the plaintiff of interest on the amount to which it was entitled, even though the validity of its claim were conceded. The plaintiff, as already said, was entitled to the final certificate on the 15th of November, 1902, and it then demanded the same. The engineer refused to give it until the 23d of July, 1903. This was a wrongful and unlawful act upon his part. The judgment so determined, and the city conceded it by not appealing. The engineer, in giving or withholding the certificate, represented the city, and his act must be charged to it. The plaintiff cannot, by the wrongful act of the engineer, be deprived of the interest to which it would otherwise be legally entitled. The judgment awarded interest from the 15th of December, 1902; that is, 30 days after the demand for the certificate was made and 30 days after it was legally entitled to·receive such certificate.

I think the judgment is right, and should be affirmed, with costs. All concur.