CHARLES LEOPOLD, Respondent, Appellant, *v.* THE CITY OF NEW YORK, Appellant, Respondent.

First Department, July 11, 1918.

Contract — municipal corporations — construction of sewer in city of New York — delays caused by city — right of contractor to payment after completion of work within reasonable time — alleged offset for city water used by contractor — interest on balance due — alleged offset for failure of contractor to remove pipes — assignment of rights accruing under sealed instrument.

Although a municipal contractor building a sewer for the city of New York was required to complete the same within a certain time with daily stipulated damages for any delay thereafter, where a delay in construction was caused by the city itself by a change in the plans, the plaintiff had a reasonable time thereafter in which to complete the work, and the completion within two months after the city permitted the contractor

to proceed was completion within a reasonable time. Hence the city, sued for a balance due on the contract price, cannot counterclaim for the stipulated damages for an alleged delay in completing the work.

Moreover, the city cannot succeed on a counterclaim for the use of city water by the contractor when the city on retaining a portion of the contract price after the completion of the contract made no claim of offset for water used, but based its right to retain the moneys on other grounds, and especially so where there is no proof that the contractor used the city water.

The contractor and his assignee were entitled to interest on the money wrongfully retained by the city over thirty days after said money became due.

Although the construction contract required the contractor to remove at his own expense water pipes if so instructed by the city authorities, the city is not entitled to offset moneys for the alleged failure of the contractor to remove such pipes where there is no evidence of a request by the city or evidence of a refusal by the contractor to remove pipes. Especially is this so where the city made no claim for such offset when the accounts were stated between the parties.

Although the construction contract was under seal, the assignee of the contractor may recover the balance due from the city after the completion of the work and the acceptance thereof.

CROSS-APPEALS by the plaintiff, Charles Leopold, and by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of April, 1917, upon the verdict of a jury, and also an appeal by the defendant, The City of New York, from an order entered in said clerk's office on the 26th day of April, 1917, denying its motion for a new trial made upon the minutes. The plaintiff, Charles Leopold, also appeals from an order entered in said clerk's office on the 3d day of October, 1917, denying his motion for a new trial made upon the minutes.

The plaintiff appeals from the judgment on the ground that it is insufficient in amount in that it denies his claim for $1,709.30, in addition to the amount of the verdict, by reason of an offset claimed by the defendant.

*John C. Wait* of counsel [*Howard G. Wilson* with him on the brief], for the plaintiff.

*John F. O'Brien* of counsel [*Terence Farley* and *Louis Hasbrouck Newkirk* with him on the brief; *William P. Burr, Corporation Counsel*], for the defendant.

SMITH, J.:

Plaintiff claims as assignee of Bart Dunn, both personally and as executor of the last will and testament of Thomas J. Dunn, deceased. The amount sought to be recovered is the balance due upon a contract for building a sewer in the city of New York, about three miles in length, at a stipulated price of $734,988.16. The contract was signed upon December 13, 1899, and provided for the construction of the sewer within 1,000 inspector days and provided for an allowance to the city of $20 a day as stipulated damages for any delay thereafter. The sewer was not in fact finished until June 15, 1906. Upon January 29, 1907, full payment was made upon the contract with the exception of $7,830, reserved as liquidated damages for delay, and $32,324.20 as security for possible repairs. A general release was thereupon executed by the contractor but in this general release the claims for the two amounts reserved were excepted. The $32,324.20 was rightfully reserved for six months under the contract. On May 1, 1908, this $32,324.20 was paid to the contractor with the exception of $3,171.44, which was reserved by the city to cover two claims, one of $1,462.14, a claim by the city for city water used by the contractor for mixing concrete, for which no payment had been made, and the other for $1,709.30, claimed by the city to have been due to the city for expenses of removing water pipe which the contractor had failed and refused to remove. The trial judge directed a verdict for plaintiff upon the claim for $7,830, with interest from June 21, 1913, and for the claim of $1,462.14 with interest from the same date. From this part of the judgment the defendant here appeals. The plaintiff's claim for the balance of the contract price, to wit, $1,709.30, was submitted to the jury on defendant's offset. The jury found for the defendant, and from so much of the judgment as rests upon this finding the plaintiff here appeals. Plaintiff also claims the right to interest upon the sums of $7,830 and $1,462.14 from May 1, 1908, to June 21, 1913, which was refused by the court:

*First.* Upon defendant's appeal from so much of the judgment as refuses to allow defendant's claim for overtime, it appears that there were many delays, caused in part by the plaintiff and in part by the defendant. The main ground

of delay was a difficulty caused by the controversy with the New York Central Railroad Company as to the laying of the sewer alongside and under its tracks from Two Hundred and Thirty-first street to Two Hundred and Thirty-third street. The city refused to allow the sewer to be built in this place until an agreement had been reached with the railroad company. That agreement was not had until about April 10, 1906, and at that date only was plaintiff permitted to have access to the streets and lands at the point in question for the completion of the contract. Within two months thereafter the contract work was finished. The agreement as finally reached necessitated a change of plans for its construction. With the delays caused by the city and the change of plans made, the plaintiff had a reasonable time thereafter to complete this construction. (*Dady* v. *Mayor, etc.*, 57 Hun, 456; *Thilemann* v. *City of New York*, 82 App. Div. 138.) No claim is made that the contract completed within two months after the city permitted the contractor to proceed was not completed within a reasonable time. It becomes immaterial what prior delays there had been on other parts of the work. The stipulated damages were for final completion delayed and are not assessable for a reasonable time after the delay caused by the defendant had ceased. (*Weeks* v. *Little*, 89 N. Y. 566; *Cornell* v. *Standard Oil Co.*, 91 App. Div. 345.)

*Second.* The defendant's claims as to the withholding of $1,462.14 are equally untenable. The water was used, if at all, in 1900, 1901 and 1902. In 1906, when the moneys were mostly paid, no claim whatever was made by the city of any such offset. The only claims were for liquidated damages for delay and for protection against possible repairs. For these two claims only was a reservation made. A year thereafter, when claim was made for payment of $32,324.20, withheld for possible repairs, this claim for water used was first asserted. There is no proof in the record that such city water was used and the contractor swore that he mixed all his cement with water which was collected from rains and stored. Upon the evidence the court could only direct judgment for this amount withheld by the city.

*Third.* Upon the plaintiff's appeal, first upon interest for $7,830 and $1,462.14 from May 2, 1907, to June 21, 1913,

I am of opinion that plaintiff should prevail. The contract was completed in June, 1906. The moneys were due thereupon. The evidence shows that the contractor was insisting upon payment and in his general release excepted his claims for all moneys withheld from the contract price. The assignee thereafter and on May 31, 1913, made a formal written demand upon the comptroller for payment. Under the authorities, the plaintiff was entitled to interest from thirty days after his moneys became due. (*Roebling's Sons Co.* v. *City of New York,* 110 App. Div. 366; *Ryan* v. *City of New York,* 159 id. 105; *Shepard* v. *City of New York,* 216 N. Y. 251.)

*Fourth.* Upon the plaintiff's appeal from so much of the judgment as denied his right of recovery of the $1,709.30, I am of opinion that the verdict was against the weight of evidence. This right of recovery was denied upon an offset, as stated by defendant, of the cost of removing certain water pipe and transporting the same to a city storage plant. The defendant's offset must rest on either sections 49 or 50 of the contract, which sections read as follows:

## " REMOVE AND RELAY WATER PIPE.

" 49. If it should be found upon excavating that the proposed sewers, culverts or receiving-basins would follow the line or occupy the place of any existing water pipe, the contractor shall, if the Commissioner of Sewers so direct, remove such water pipe and rebuild or relay the same in such place and in such manner as the said Commissioner shall direct; and if in the opinion of the said Chief Engineer of Water Supply and the Chief Engineer of Sewers, it be necessary to temporarily remove and relay any water pipe, the same shall be done by the said contractor, or by the said Chief Engineer of Water Supply and the expense thereof shall be borne by the contractor.

## " OLD WATER AND GAS PIPES.

" 50. All iron water and gas pipes, which it becomes necessary to remove shall be considered as the property of the parties of the first part [the city], and left in such part or parts of the streets as the engineer may direct, unless notice to the contrary is given in writing by the Commissioner of Sewers

to the said contractor, in which case the same shall be removed or otherwise disposed of at the expense of said contractor."

Now the defendant's offset is based in its pleading upon the defendant's refusal to perform this work. There is no evidence of a request and no evidence of a refusal to do the work. The evidence of the contractor is to the contrary. Moreover, this pipe was not temporarily removed for relaying, as was pleaded. It was permanently removed and the expense thereof is provided for in section 50 above quoted. By that section, in order to charge the contractor with the expense a notice *in writing* must be served on the contractor by the commissioner of sewers. The defendant offered no evidence of service of such notice and the contractor denies having received any notice whatever. The proof of the expense incurred is defective. A bill was offered of one Cornwell for laying a twelve-inch pipe in Broadway at Van Cortlandt Park. But that may have been and probably was a bill for new work not called for by plaintiff's contract. This bill was paid in 1903. No claim was made against the contractor in 1907 when the first statement of account was made between him and the city and the claim only was presented in 1908 when the city had no other excuse to hold back any of the moneys called for by the contract. I, therefore, find no legal justification for the allowance of this offset.

Other objections are raised by defendant, which need only a passing notice. The action was brought in 1913. The last payment under the contract was not made until 1909, less than six years prior to the commencement of the action. The contract was under seal. Authority to place a seal on such contracts may be implied if such was the customary method of execution of such contracts. That it was the customary method may be implied from the absence of contrary evidence by the city, which had the evidence, if it existed. Again, it is evident that Thomas J. Dunn was the financial backer of Bart Dunn, the actual contractor. The work was done by the contractor and after its completion and acceptance by the city, it is with poor grace that payment is sought to be avoided by claiming that Thomas J. Dunn was in fact the party in interest. This plaintiff has an assignment, both from Bart Dunn and Thomas J. Dunn, and may bring the action.

The delay from 1908 till 1913 before commencing this action to an extent discredits this plaintiff's claim. But Thomas J. Dunn, the man who probably had the main financial interest in the claim, died in December, 1905, and one Bartholomew Dunn was appointed his executor. It does not appear just why the claim was not pressed for payment. But the action is brought for part of the contract price withheld and if brought within the time limited by statute, the defendant must justify that withholding by evidence of a valid recoupment, which it has failed here to do. The plaintiff is entitled to a modification of the judgment to allow interest upon $7,830 and $1,462.14 from May 2, 1907, till June 21, 1913. That part of the judgment authorizing this recovery should be affirmed as modified. The judgment so far as it withholds from plaintiff $1,709.30 upon the offset submitted to the jury should be reversed and a new trial granted of that issue. Plaintiff should have costs of this appeal.

The finding of fact that the defendant incurred an expense of $1,709.30 by reason of the contractor's refusal to perform his contract is reversed.

DOWLING, LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Judgment modified as stated in opinion, and as modified affirmed, with costs to plaintiff. Order to be settled on notice.