In the Matter of the Application of BRONX PARKWAY COM-
MISSION, Appellant, to Acquire Title to Lands of FREDERICK
W. KRAFT and Others, Defendants.

GRAMAN BUILDING COMPANY and Others, Repondents.

Second Department, April 9, 1920.

**Eminent domain — acquisition of property by Bronx Parkway
Commission — interest on costs and allowances — Code of Civil
Procedure, sections 3373 and 1211, not applicable — interest on
award.**

In a proceeding to have fixed the compensation to be paid for certain real
property acquired by the Bronx Parkway Commission pursuant to chap-
ter 594 of the Laws of 1907, as amended by chapter 757 of the Laws of
1913, interest on costs and allowances should not be allowed, as there is
no statutory provision or equitable reason therefor.

Sections 3373 and 1211 of the Code of Civil Procedure are not applicable
because the first has reference to an award which may be enforced as a
money judgment, and the award in this proceeding cannot be so enforced,
and the latter section relates only to interest upon a judgment, and said
costs and allowances are not contained in a judgment in accordance with
section 3373.

The award in the aforesaid proceeding being a mere claim against the city
bears only such interest as is expressly provided by statute until a demand
for payment is made as provided for in the statute in question and in
section 261 of the Greater New York charter. Until demand is made
under that section, the claim against a municipality, although liquidated
and due at a definite date, does not bear interest.

APPEAL by the petitioner, Bronx Parkway Commission,
from an order of the Supreme Court, made at the Rockland
Special Term and entered in the office of the clerk of the county
of Westchester on the 26th day of December, 1919, directing
the payment of interest on costs and allowances in this
proceeding.

*Charles Harvey Peck* [*Theodosius Stevens* with him on the
brief], for the appellant.

*Woodson R. Oglesby,* for the respondents.

JAYCOX, J.:

This proceeding was instituted to have fixed the compen-
sation to be paid for certain real property acquired by the

Bronx Parkway Commission pursuant to chapter 594 of the Laws of 1907, as amended by chapter 757 of the Laws of 1913. The Commission was unable to purchase the lands described in the act, and condemnation proceedings were accordingly instituted under the act which provides (§ 13) that such lands shall be acquired "by condemnation proceedings instituted by said Bronx Parkway Commission in the manner provided by the Code of Civil Procedure for the condemnation of real property for like purposes." After the proceedings were commenced but during the progress thereof and prior to the report, section 13 of the act was amended (Laws of 1916, chap. 599) so as to provide that such lands shall be acquired "by condemnation proceedings instituted and carried on by said Bronx Parkway Commission, in the manner provided by the Code of Civil Procedure for the condemnation of real property for like purposes, except as herein otherwise provided." The Bronx Parkway Commission became seized of the lands upon filing the oaths of the commissioners of appraisal. The commissioners of appraisal have made and filed their report and the same has been duly confirmed. The order confirming the same grants costs to the owners of the land condemned and makes them certain allowances. Thereafter an order was made directing the comptroller of the city of New York to pay interest upon said costs and allowances and it is from this order that the Bronx Parkway Commission appeals.

The act under which the proceeding is had provides for the payment of interest upon the awards but makes no such provision as to costs and allowances, although costs and allowances are specifically mentioned therein. The allowance of interest is based upon the provisions of sections 3373 and 1211 of the Code of Civil Procedure, which, so far as material, read as follows:

"§ 3373. Upon the entry of the final order, the same shall be attached to the judgment-roll in the proceeding, and the amount directed to be paid, either as compensation to the owners, or for the costs or expenses of the proceeding, shall be docketed as a judgment against the person who is directed to pay the same, and it shall have all the force and effect of a money judgment in an action in the Supreme Court, and collec-

tion thereof may be enforced by execution and by the same proceedings as judgments for the recovery of money in the Supreme Court may be enforced under the provisions of this act."

"§ 1211. A judgment for a sum of money, rendered in a court of record, or not of record, or a judgment rendered in a court of record, directing the payment of money, bears interest from the time when it is entered."

Section 3373 is not applicable, because that has reference to an award which may be enforced as a money judgment, and the award in this proceeding cannot be so enforced.   The awards, costs and allowances herein are to be paid within three calendar months, " and in default thereof, said persons, corporations or parties, respectively, may at any time or times after application first made by him or them to the comptroller of the city of New York for payment thereof, sue for and recover the same, with lawful interest, as aforesaid, and costs of suit." (See Bronx Parkway Act, § 15, subd. h, as amd. by Laws of 1916, chap. 599.)  The interest herein referred to is the interest upon the awards.   At the conclusion of the action thus provided for the claim against the city becomes a judgment with all the incidents of a judgment, among which interest is included.   Prior to the recovery of this judgment the award and costs are merely a claim against the city.   The awards bear interest because the statute so provides and because it would also be inequitable to deprive the owner of his land without paying the purchase price and not to give him interest on such unpaid purchase price.   (*Matter of New York Municipal R. Corp.* v. *Holliday,* 189 App. Div. 814; affd., 228 N. Y. 561.)

The statute does not provide for interest on costs and allowances, and there is no equitable reason for such interest.   The award in this proceeding being a mere claim against the city, it bears only such interest as is expressly provided by statute until a demand for payment is made as provided for in the statute in question and in section 261 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1912, chap. 452).   Until demand is made under that section the claim against a municipality, although liquidated and due at a definite date, does not bear interest.   (*Taylor* v. *Mayor,* 67 N. Y. 87; *Sweeny* v. *City of New York,* 173 id. 414; *O'Keeffe* v. *City of New York,* 176 id. 297; *Smith* v. *Board of*

*Education,* 208 id. 84; *Leopold* v. *City of New York,* 184 App. Div. 244.) Under the situation here presented the costs and allowances did not bear interest. Section 1211 of the Code of Civil Procedure does not apply, as that relates only to interest upon a judgment and these costs and allowances are not contained in a judgment in accordance with section 3373 of the Code of Civil Procedure.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

JENKS, P. J., MILLS, BLACKMAR and KELLY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.